■ E. J. TRUM, INC., Respondent, v. BLANCHARD PARFUMS, INC., Defendant, and DEL LABORATORIES, INC., Appellant.— In an action to recover for goods sold and delivered and against one of the defendants, Del Laboratories, Inc., on the ground that the assets of one of the alleged purchasers were transferred to that defendant without compliance with article 6 of the Uniform Commercial Code, said transferee appeals from an order of the Supreme Court, Kings County, dated April 2, 1969, which denied its motion for summary judgment. Order affirmed, with $10 costs and disbursements. We are of the opinion that the transferee's complete failure to comply with the notice provisions of article 6 of the Uniform Commercial Code was tantamount to a concealment of a transfer of assets within the meaning of section 6-111 of said code. Summary judgment was properly denied, as issues of fact are present as to whether plaintiff discovered the transfer within six months before commencement of the action. Christ, Acting P. J., Rabin, Benjamin, Martuscello and Kleinfeld, JJ., concur.

## (November 6, 1969)

■ In the Matter of RICHARD LIPINSKI, Appellant. NARCOTIC ADDICTION CONTROL COMMISSION, Respondent.— Appeal (by permission of this court) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated January 31, 1969 (*sub nom. People* v. *Lipinski*), in a proceeding under section 210 of the Mental Hygiene Law for civil certification of petitioner, as a narcotic addict, to respondent's care and custody. Prior to the proceeding petitioner had been charged with a misdemeanor and, upon a medical examination under section 207 of the Mental Hygiene Law, had been certified by the examining physician as such addict. The order of the Appellate Term dismissed petitioner's appeal to that court from an order of the District Court, Nassau County, entered November 15, 1967, certifying him as a narcotic addict to respondent's care and custody. Appeal dismissed, without costs. In view of the fact that the District Court's order of certification has recently been vacated by an order of the Supreme Court, Sullivan County, dated October 3, 1968, in a habeas corpus proceeding (*People ex rel. Lipinski* v. *Morrow*), the issues raised herein have become moot. Christ, Acting P. J., Rabin, Benjamin, Martuscello and Kleinfeld, JJ., concur.