PIPELINE MATERIALS, INC., a
Colorado corporation,
Plaintiff–Appellee,

v.

TURF IRRIGATION CORPORATION, a
Colorado corporation,
Defendant–Appellant.

No. 85CA1633.

Colorado Court of Appeals,
Div. III.

March 10, 1988.

Rehearing Denied March 31, 1988.

Broadhurst & Petrock, Ronald D. Hutchinson, Denver, for plaintiff-appellee.

Wood, Ris & Hames, P.C., Joel N. Varnel, Denver, for defendant-appellant.

VAN CISE, Judge.

On August 10, 1984, plaintiff, Pipeline Materials, Inc. (the creditor), commenced this action seeking a money judgment against defendant, Turf Irrigation Corporation (the transferee), based on its noncompliance with the notice requirements of the Uniform Commercial Code–Bulk Transfers Act, § 4–6–101, et seq., C.R.S. (the Act) when it purchased equipment from Brighton Excavating, Inc. (the transferor). The transferee defended principally on the ground that the action was barred because it had taken possession of the equipment on January 11, 1984, more than six months prior to the commencement of the action. The trial court ruled that the failure to give the statutorily required notice was tantamount to concealment and that, thus, the statute of limitations did not begin to run until the creditor's discovery of the transfer. Accordingly, judgment was entered against the transferee for the net amount paid by it for the equipment. The transferee appeals, and we reverse.

The transferee does not challenge the trial court's conclusions that the transaction in question was a bulk transfer subject to the Act and that the transferor and transferee made no effort to comply therewith. The creditor and the transferee stipulated that the transferee did not comply with the notice provisions of the Act, §§ 4–6–105 and 4–6–107, C.R.S., that the parties to the transaction made no effort to conceal the transfer, and that the creditor was an inventory creditor of the transferor when the transaction took place.

The trial court found, on undisputed evidence, that the equipment was openly stored on the transferee's property. Also,

a financing statement was filed with the Secretary of State when the equipment was purchased.

Section 4–6–111, C.R.S., provides, in pertinent part:

"No action under this [Act] shall be brought ... more than six months after the date on which the transferee took possession of the goods unless the transfer has been concealed. If the transfer has been concealed, actions may be brought ... within six months after its discovery."

Since the transferee took possession of the equipment more than six months prior to the date this action was commenced, the statute of limitations had run unless there had been concealment.

■ There were no affirmative acts of concealment here. Therefore, the issue on this appeal is whether mere failure to comply with the Act's notice requirements constitutes "concealment" as a matter of law and tolls the running of the six months limitation period until discovery of the transfer by the creditor. The trial court so held. We disagree.

What constitutes concealment of a bulk transfer is a question of first impression in this state.

Some jurisdictions that have considered the issue have held that "complete failure to comply with the notice provisions ... [is] tantamount to a concealment...." *Columbian Rope Co. v. Rinek Cordage Co.*, 314 Pa.Super. 585, 461 A.2d 312 (1983); *E.J. Trum Inc. v. Blanchard Parfums, Inc.*, 33 A.D.2d 689, 306 N.Y.S.2d 316 (1969). These courts reason that not treating failure to give notice as concealment would undermine the legislative scheme to promote advance notice of bulk transfers to creditors of the transferor. *See Columbian Rope Co., supra.*

Other courts require "active" or "affirmative" concealment. *In re Northern Specialty Sales, Inc. v. INTV Corp.*, 57 B.R. 557 (Bankr.D.Or.1986); *SVM Investments v. Mexican Exporters, Inc.*, 685 S.W.2d 424 (Tex.App. 4th Dist.1985); *In re Borba*, 736 F.2d 1317 (9th Cir.1984); *Aluminum Shapes, Inc. v. K–A–Liquidating Co.*, 290 F.Supp. 356 (W.D.Pa.1968). These cases recommend an approach that would consider various factors such as the specific conduct of the parties and the relationship between the transferor and the transferee. They reject the notion that mere failure to give the written notice required by the Act amounts to concealment as a matter of law such as will toll the running of the limitation period until its discovery. *See Borba, supra; SVM Investments, supra.*

In deciding this issue, we note that if the general assembly had meant for a failure to give notice to result in tolling the statute of limitations, it could easily have inserted such language. Therefore, we hold that the term "conceal" requires some affirmative act on the part of the transferee or transferor to shield the transfer from the creditor and not mere failure to give the statutorily required notice.

■ As to the conduct of the parties to this transaction, there were no affirmative acts of concealment. The equipment was stored by the transferee on an open lot close to the creditor's place of business, and the fact of the transfer was contained in the financing statement filed with the Secretary of State. Thus, there was no concealment, and the action is barred by the statute of limitations.

The judgment is reversed, and the cause is remanded for the entry of a judgment dismissing the action.

STERNBERG and JONES, JJ., concur.