**In re SEMINOLE MOTORS, INC., Debtor.**

**SEMINOLE MOTORS, INC., Plaintiff,**

v.

**AMERICAN NATIONAL BANK & TRUST CO. OF SHAWNEE, and United States of America, Appellees.**

Bankruptcy No. 86–00473.

No. 87–243–C.

Adv. No. 86–0070.

United States District Court, E.D. Oklahoma.

Sept. 30, 1987.

Corrected Nunc Pro Tunc July 28, 1988.

D. Neal Martin, Shawnee, for debtor.

Karen Henson, Henson, Henson, Henson & Marshall, Shawnee, Okl., for American Nat. Bank.

Roger Hilfiger, U.S. Atty., M. Kent Anderson, Atty. Tax Div., Dept. of Justice, Dallas, Tex., for U.S.

ORDER

H. DALE COOK, Chief Judge.

Before the Court for its consideration is the appeal of Seminole Motors, Inc., debtor, from the Order of the Bankruptcy Court filed on April 20, 1987.

The Bankruptcy Court designated the matter as a "core" proceeding. Consequently, the Bankruptcy Court's Order regarding this core proceeding shall be reviewed under the clearly erroneous standard as to findings of fact and the de novo standard as to conclusions of law. *Missionary Baptist Foundation v. Huffman,* 712 F.2d 206 (5th Cir.1983).

The Court finds from a review of the record that the Bankruptcy Court's findings of fact are not clearly erroneous. The facts, in summary, are that on October 26, 1984 Harvey Russell (debtor's sole shareholder) executed a Buy and Sell Agreement with Chris Teape and Fred Gipson for the purchase of Seminole Motors, Inc. The agreement provided that there would be compliance with the Oklahoma Bulk Transfers Act, 12A O.S. § 6–101 *et seq.* It is stipulated by the parties that the Buy and Sell Agreement was a "bulk transfer" as defined by 12A O.S. § 6–102, and that no notice was mailed to the transferor's creditors as is required by 12A O.S. §§ 6–105, 6–107. The transaction closed on November 2, 1984.

Appellee, United States of America, through the Internal Revenue Service, filed

a tax lien on October 7, 1985 against Seminole Motors, Inc. for some $6,101.64. Subsequently debtor contacted an agent of appellee to apply for a new Employer Identification Number (tax ID) (Form SS–4) and sent two follow-up letters regarding the same on January 11, 1985 and December 9, 1985.

On June 6, 1986 debtor filed for protection under Chapter 11 of the Bankruptcy Code. Appellee filed a claim in the bankruptcy case which included this tax lien as a secured amount. Debtor filed its complaint objecting to this claim stating that the debt arising from the tax lien is in fact the debt of a previous and separate corporation. The debtor claimed the sum was owing by the original corporation using the name Seminole Motors, Inc. which had changed its corporate name on October 26, 1984 to Teape–Gibson Auto Leasing Inc.

Debtor objected to appellee's filing of claim in the Bankruptcy proceedings, asserting that as a creditor at the time of the bulk sale transfer on November 2, 1984, it had six months to file a claim asserting its tax lien with debtor or said claim would thereafter be ineffective against the debtor-transferee. Although debtor acknowledges that appellee did not receive notice as required under 12 A O.S. §§ 6–105, 6–107, debtor contends appellee received actual notice through debtor's correspondence requesting a new tax ID.

In response, appellee argues that the correspondence between debtor and appellee does not constitute "notice" as is contemplated in §§ 6–105, 6–107. Instead the lack of notice as required under §§ 6–105, 6–107 constitutes "concealment" as that term is used under § 6–111 thereby tolling the statutory period for filing creditor claims until the creditor has notice of the concealment.

The sole issue before the Bankruptcy Court was whether the failure to comply with the notice requirements constitutes concealment thereby rendering timely appellee's claim filed in the bankruptcy proceeding.

The Bankruptcy Court held that "complete failure to comply with the notice provisions constitutes concealment".

Case law is divided upon what constitutes concealment of a bulk transfer. No Oklahoma court has interpreted this statutory term. Some courts have required "active" or "affirmative" concealment. *See e.g., Aluminum Shapes, Inc. v. K–A Liquidating Co.,* 290 F.Supp. 356, 358 (W.D. Pa.1968). Others have held that failure to comply with the notice requirements is tantamount to concealment. *See e.g., E.J. Trum, Inc. v. Blanchard Parfums, Inc.,* 33 A.D.2d 689, 306 N.Y.S.2d 316 (1969).

After careful consideration of the record, briefs and applicable case law, this Court concludes that the better view is that failure to give notice of the impending bulk transfer is not merely noncompliance, but is "concealment". Treating failure to give complete notice merely as incompliance and not concealment would undermine the legislative scheme to promote advance notice of bulk transfers.

Accordingly, it is the Order of the Court that the appeal from the Bankruptcy Court is hereby denied. The Order of the Bankruptcy Court filed April 20, 1987 is hereby affirmed in all respects.