PYA/MONARCH, INC., Appellant,

v.

HORNER et al., Appellees.

[Cite as *PYA/Monarch, Inc. v. Horner* (1991), 72 Ohio App.3d 791.]

Court of Appeals of Ohio,
Hancock County.

No. 5-90-9.

Decided March 11, 1991.

*Muller & Blakley* and *K. Girard Blakley,* for appellant.

*Drake, Phillips, Kuenzli, Clark & Weasel* and *David P. Kuenzli,* for appellees.

SHAW, Judge.

This is an appeal from a judgment of dismissal entered in the Municipal Court of Findlay. The complaint in this matter alleged a cause of action in favor of appellant, PYA Monarch, Inc., against appellees, James L. Horner and the Linwood Corner Restaurant, as bulk transferees of assets, under Ohio's Bulk Sales Act, R.C. 1306.01 *et seq.* The complaint, which was filed on September 27, 1989, alleged that appellant's debtor, Cindy Frank d.b.a. Cindy's Country Kitchen, transferred the assets of her business to appellees in September 1988. Finding that the right of action was barred by the statute of limitations as set forth at R.C. 1306.09, the trial court entered judgment dismissing the complaint.

Appellant assigns two errors to the judgment of the trial court.

"The trial court erred in concluding as a matter of law that only an affirmative act of concealment will constitute 'concealment' for purposes of tolling Ohio Rev.Code Ann. 1306.09."

 The issue raised in this assignment of error, which is apparently a question of first impression in the State of Ohio, is whether noncompliance with the notice provisions of the Bulk Sales Act is sufficient "concealment" to toll the running of the statute of limitations.

R.C. 1306.04, which requires notice to creditors of a bulk transfer, reads in pertinent part as follows:

"In addition to the requirements of section 1306.03 of the Revised Code, any bulk transfer subject to sections 1306.01 to 1306.09, inclusive, of the Revised

Code \* \* \* is ineffective against any creditor of the transferor unless at least ten days before he takes possession of the goods or pays for them, whichever happens first, the transferee gives notice of the transfer in the manner and to the persons as provided in section 1306.05 of the Revised Code."

R.C. 1306.09, the statute of limitations under consideration in this case, reads as follows:

"No action under sections 1306.01 to 1306.09, inclusive, of the Revised Code shall be brought nor levy made more than six months after the date on which the transferee took possession of the goods unless the transfer has been concealed. If the transfer has been concealed, actions may be brought or levies made within six months after its discovery."

R.C. 1.42 provides that: "Words \* \* \* that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." Thus, inasmuch as R.C. 1306.09 fails to define the term "concealment," the legal presumption is that the legislature intended that the term be used in its fixed legal signification. See *Palmer v. Darby* (1901), 64 Ohio St. 520, 529, 60 N.E. 626, 627.

In this vein, we are unable to concur with the express finding by the trial court that the case of *Pipeline Materials, Inc. v. Turf Irrigation Corp.* (Colo.App.1988), 754 P.2d 775, interpreting "concealment," under the Bulk Sales Act, as requiring some affirmative act, accurately reflects Ohio's interpretation of the term "concealment" in other contexts. For example, as pertains to the construction of the term "concealment" within the meaning of the law of fraud, the following principles set forth in the case of *Jenkins v. Clark* (1982), 7 Ohio App.3d 93, 101, 7 OBR 124, 132–133, 454 N.E.2d 541, 551–552, reflect the weight of authority in the state of Ohio on this point:

"[T]he mere failure to disclose a fact is not equivalent to concealment, which implies a purpose or design. *Klott v. Associates Real Estate* (1974), 41 Ohio App.2d 118 [70 O.O.2d 129, 322 N.E.2d 690] \* \* \*. However, nondisclosure by a person who, under the circumstances, has a duty to speak may be commensurate with concealment." See, also, *Starinki v. Pace* (1987), 41 Ohio App.3d 200, 535 N.E.2d 328; *Kaye v. Buehrle* (1983), 8 Ohio App.3d 381, 8 OBR 495, 457 N.E.2d 373; *Schubert v. Neyer* (App.1959), 12 O.O.2d 231, 165 N.E.2d 226; *Talcott v. Henderson* (1877), 31 Ohio St. 162, and *Hadley v. Clinton Cty. Importing Co.* (1862), 13 Ohio St. 502.

Thus, within the context of the law of fraud, where there is a duty to disclose, silence alone may constitute concealment. Similarly, in the law of insurance, the term concealment includes "an improper and unjustifiable want of disclosure." *Washington Mut. Ins. Co. v. Merchants & Mfrs. Mut. Ins.*

*Co.* (1856), 5 Ohio St. 450, 480. See, also, 57 Ohio Jurisprudence 3d (1985) 577, Insurance, Section 540.

R.C. 1306.04 clearly imposes a duty upon the transferee of bulk assets to provide the transferor's creditors with the notice set forth in R.C. 1306.05. Giving due consideration to the foregoing authority construing the term "concealment," it is our opinion that total noncompliance with the notice provisions of R.C. 1306.04 and 1306.05 constitutes concealment within the meaning of the statute of limitations and tolls the statute to such time as the creditor discovers the transfer of assets.

In the case before us, there is no dispute as to appellees' failure to give the requisite notice to appellant of the transfer of assets. Appellant discovered the transfer on April 11, 1989 and filed suit on September 27, 1989. Thus, the action was commenced within six months of appellant's discovery of the transfer. Consequently, we find that the trial court erred in dismissing the complaint as being barred by the statute of limitations. Appellant's first assignment of error is well taken.

"The trial court erred in failing to determine whether the transferor, Cindy Frank, concealed the transfer, thereby tolling Ohio Rev.Code Ann. 1306.09."

█ The trial court, in its decision entered prior to the final judgment of dismissal, stated that the appellees' motion to dismiss the complaint would be granted without a determination of whether the transferor, notwithstanding the notice issue as pertains to the transferee, engaged in active concealment of the transfer. Appellant contends that, because the transferor's actions could also have tolled the statute of limitations, this determination should have been made prior to the trial court's dismissal of the complaint. We agree.

The appellant, as the creditor of the transferor, obtained judgment against the transferor on September 12, 1988. There exist certain unrebutted allegations as to appellant's efforts to collect its judgment against the transferor, to wit: (1) appellant served the transferor under proceedings in aid of execution requiring the transferor to appear in the Findlay Municipal Court for examination as to her assets available for satisfaction of appellant's judgment; (2) the transferor was required to appear for the examination on February 10, 1989, but failed to so appear; (3) the Findlay Municipal Court scheduled a contempt hearing for April 10, 1989 for which the transferor was served; and (4) the transferor failed to appear for the contempt hearing and was subsequently brought to the court under arrest.

Appellant was able to examine the transferor on April 11, 1989 and at that time appellant first learned that the sale of transferor's business had oc-

curred. The complaint alleges that the transfer of assets was made on or about September 1988. We note that the time frame of the sale of the assets coincides with the time frame in which appellant obtained judgment against the transferor. We further note that the transferor of the assets is the daughter of the transferee.

Upon consideration of these facts, we conclude that, prior to dismissing the complaint, the trial court should have determined whether the transferor's conduct constituted concealment of the transfer such as to toll the statute of limitations. Accordingly, appellant's second assignment of error is well taken.

For the reasons stated, the judgment of the Findlay Municipal Court dismissing the complaint in this matter is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY and EVANS, JJ., concur.