■ CAPITOL DISTRIBUTORS CORP., Respondent, v CHURCH AVENUE WINE & LIQUOR, INC., et al., Defendants, and MUL-ROB LIQUORS, INC., Appellant. [612 NYS2d 618] —In an action to recover a sum due for, *inter alia,* goods sold and delivered, the defendant Mul-Rob Liquors, Inc., appeals from: (1) an order of the Supreme Court, Kings County (Held, J.), dated April 15, 1992, which denied its motion to vacate a decision of the same court dated March 23, 1992, granting the plaintiff's motion for summary judgment upon its default; (2) a judgment of the same court entered May 27, 1992, which is in favor of the plaintiff and against it in the principal sum of $356,099.05, plus costs and disbursements; and (3) so much of an order of the same court dated August 25, 1992, as denied its renewed motion to vacate its default.

Ordered that the appeal from the order dated April 15, 1992, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated August 25, 1992, is affirmed, insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order dated April 15, 1992, are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The uncontroverted facts are that the plaintiff, a wholesale liquor distributor, sold and delivered $356,099.05 worth of wine and liquor to Church Avenue Wine & Liquor, Inc. (hereinafter Church), a liquor retailer, however, payment was never rendered. In 1989, Mul-Rob Liquors, Inc., d/b/a Top Shelf (hereinafter Mul-Rob), purchased substantially all of Church's assets and began operating the retail wine and liquor business.

The plaintiff commenced this action against Church and Mul-Rob, for goods sold and delivered, alleging, *inter alia,* noncompliance with the notice to creditors provisions of UCC 6-105. Thereafter, the Supreme Court granted the plaintiff's motion for summary judgment against Mul-Rob upon its default in failing to oppose the motion. Mul-Rob's subsequent motion to vacate its default was denied because Mul-Rob failed to include an affidavit of merit in its motion papers.

Thereafter, the Supreme Court denied Mul-Rob's motion to renew its motion to vacate its default.

To vacate a default, the movant must establish that the default was excusable and that there is a good and meritorious defense to the action (see, Gepp v International Harvester Co., 186 AD2d 418). The transfer from Church to Mul-Rob, constituted a "bulk transfer" pursuant to UCC 6-102, entitling plaintiff, as a creditor of Church, to written notice prior to the transfer (see, UCC 6-105). A bulk transfer is ineffective against any creditor of the transferor unless the transferee requires the transferor to furnish a list of existing creditors (see, UCC 6-104). Here, it is uncontroverted that Mul-Rob failed to obtain a list of Church's existing creditors prior to the bulk transfer. Accordingly, Mul-Rob failed to sustain its burden to prove that it has a good and meritorious defense (see, Shields v Stevens, 55 AD2d 1017).

In its motion to renew, Mul-Rob failed to set forth any additional facts which existed at the time it moved to vacate its default, but were not then known (see, Foley v Roche, 68 AD2d 558). Accordingly, the Supreme Court properly denied the motion to renew.

We have reviewed the defendant's remaining contentions and find them to be without merit. Ritter, J. P., Copertino, Santucci and Hart, JJ., concur.