■ NORTHERN CROSS SERVICE STATION, INC., Respondent, v RAFAT ARIF et al., Defendants, and PHIL LAI Appellant. [629 NYS2d 56] —In an action to recover the balance due on promissory notes, the defendant Phil Lai appeals from so much of a judgment of the Supreme Court, Queens County (LaFauci, J.H.O.), dated December 21, 1993, as, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $97,543.40.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In October 1979, the plaintiff entered into an agreement with the defendants Rafat Arif and Inga Arif to sell his interest in a Mobil gas station for the price of $185,000. At the time the contract was signed, the Arifs paid the plaintiff $10,000. Prior to closing, the Arifs formed a corporation, the defendant Ria Service Station, Inc. (hereinafter Ria), to which they assigned their interest in the contract. The Arifs were the only stockholders of Ria. At the closing, Ria, by its president, Rafat Arif, executed a series of 120 promissory notes for the $175,000 balance remaining on the purchase price.

In April 1986, unbeknownst to the plaintiff, Ria allegedly conveyed its interest in the same gas station to the defendant Phil Lai for $350,000. When the plaintiff discovered the deal between Ria and Lai, it commenced this action, *inter alia,* to recover the balance due on the notes issued by Ria and to void the transaction between Ria and Lai. The trial court found that the transfer from Ria to Lai was a "bulk transfer" in violation of UCC article 6, and a fraudulent transfer in violation of Debtor and Creditor Law article 10. Accordingly, it held Ria and Lai jointly and severally liable to the plaintiff in the principal amount of $97,543.40, the balance due on the promissory notes. Lai appeals from this judgment. We now affirm.

At trial, Lai maintained that he did not purchase the gas station, but rather paid Rafat Arif $350,000 to terminate his retail lease with Mobil Oil Corporation. However, contrary to Lai's contentions, the record shows that there was a "bulk transfer" within the meaning of UCC 6-102. Thus, Lai, having failed to require a list of creditors, is liable to the plaintiff *(see,*

UCC 6-104; *see also, Capitol Distribs. Corp. v Church Ave. Wine & Liq.,* 204 AD2d 588). Moreover, the transfer was ineffective against the plaintiff because it was not given notice of the transfer *(see,* UCC 6-105; *see also, Hyland Meat Co. v Tsagarakis,* 202 AD2d 552).

In addition, there was sufficient evidence from which the trial court could have reasonably concluded that the deal between Ria and Lai was a fraudulent conveyance in violation of the Debtor and Creditor Law. Despite the large sum of money allegedly involved, $350,000, the transaction between Ria and Lai was not evidenced by a written agreement. Further, Lai did not produce a receipt for the transaction, although he allegedly paid Ria $260,000 in cash. Finally, it is noteworthy that Lai was not represented by counsel during the transaction.

We have considered Lai's remaining contentions and find them to be without merit. O'Brien, J. P., Ritter, Copertino and Krausman, JJ., concur.