OPINION OF THE COURT
Per Curiam.
Judgment entered April 18, 1995 modified by vacating the award of attorney’s fees to plaintiff, thereby reducing the amount of the judgment in favor of plaintiff to the total sum of $4,464.62; as modified, judgment affirmed, without costs.
Appeal from the order dated March 21, 1995 dismissed, without costs, as subsumed in the aforesaid judgment.
The trial court properly found that the debtor’s sale of the dry cleaners to his brother (defendant transferee) constituted a "bulk transfer” within the meaning of UCC 6-102 (1) and that plaintiff, as a creditor of the debtor-transferor, was entitled to the protection of the notice provisions of the Bulk Transfers Act. Accordingly, defendant’s failure to give plaintiff statutory notice of the bulk transfer of Friendly Cleaners rendered the transfer ineffective as against plaintiff (see, UCC 6-104 [1]; 6-105), entitling plaintiff to recover its pretransfer claim for unpaid dry cleaning supplies from defendant transferee (see generally, Northern Cross Serv. Sta. v Arif, 216 *420 AD2d 548; Capitol Distribs. Corp. v Church Ave. Wine & Liq., 204 AD2d 588, 589; Hyland Meat Co. v Tsagarakis, 202 AD2d 552, 553).
Turning to the merits of defendant’s Statute of Limitations defense (an issue which the trial court failed to directly address), plaintiff’s claim was not barred by the short Statute of Limitations applicable to this bulk transfer dispute (UCC 6-111). Here, defendant transferee’s complete failure to comply with the notice provisions of article 6 of the UCC was tantamount to a "concealment” of a transfer of assets within the meaning of UCC 6-111, tolling the running of the six-month limitations period until discovery of the transfer by plaintiff creditor (E. J. Trum, Inc. v Blanchard Parfums, 33 AD2d 689; 30 NY Jur 2d, Creditors’ Rights, § 415; see generally, 3 White & Summers, Uniform Commercial Code § 27-4 [b], at 248, n 31 [Practitioner’s 4th ed]).
Applying that limitations rule, plaintiff discovered the transfer in October 1993 when defendant transferee identified himself as the owner of Friendly Cleaners in successfully obtaining vacatur of a default judgment pursuant to CPLR 317 in prior litigation brought by plaintiff. Since plaintiff commenced the instant action in February 1994 (within six months of discovery of the concealed transfer), plaintiff’s claim was timely brought against defendant.
Addressing defendant’s remaining contentions, our review of the record reveals that the trial court did not abuse its discretion in allowing plaintiff to amend the complaint to conform the pleadings to the proof concerning the applicability of the Bulk Transfers Act, in the absence of a showing of prejudice or surprise by defendant (see, CPLR 3025 [c]; Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23).
It was error, however, to award plaintiff attorney’s fees, there being no statutory nor contractual provision therefor (see, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5). We modify the judgment accordingly.
Ostrau, P. J., Freedman and Davis, JJ., concur.