■ AMBOY SEQUINE ASSOCIATES, Respondent, v GAR SING RESTAURANT, INC., Doing Business as ISLAND TASTE RESTAURANT, Appellant, et al., Defendant. [669 NYS2d 885] —In an action, *inter alia*, to declare a bulk transfer of assets ineffective and to set it aside as fraudulent as to the plaintiff creditor, the defendant Gar Sing Restaurant, Inc., d/b/a Island Taste Restaurant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated February 24, 1997, as denied that branch of its motion which was to dismiss the first cause of action as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's first cause of action is not barred by the six-month Statute of Limitations applicable to this bulk transfer dispute (*see*, UCC 6-111). The complete failure of the defendant transferee Gar Sing Restaurant, Inc., d/b/a Island Taste Restaurant to comply with the notice provisions of article 6 of the Uniform Commercial Code (*see*, UCC 6-104 [1]; 6-105) was

tantamount to a "concealment" of a transfer of assets within the meaning of UCC 6-111 (*see, E. J. Trum, Inc. v Blanchard Parfums*, 33 AD2d 689; *Cleaners Prods. Supply v Garcia*, 169 Misc 2d 418).

Since the plaintiff commenced the instant action within six months of its discovery of the concealed transfer, the plaintiff's action was timely commenced against the defendant transferee. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.