■ KORG USA, Inc., Respondent, v IN TUNE INDUSTRIES, INC., Doing Business as MUSIC EMPORIUM, et al., Appellants, et

al., Defendant. [674 NYS2d 100] —In an action, *inter alia*, to recover damages for the fraudulent bulk transfer of assets, the defendants In Tune Industries, Inc. d/b/a Music Emporium, Charles Lovarco, Deborah Lovarco, and Focus Guitar Center, Inc. a/k/a Focus II Guitar Studio appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated April 22, 1997, which denied their motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff sold and delivered musical goods to the defendant Focus Guitar Center, Inc. a/k/a Focus II Guitar Studio (hereinafter Focus). Focus defaulted on its payments and in November 1990 the plaintiff obtained a judgment against Focus in the amount of $87,076.67. In September 1996, the plaintiff commenced the instant action alleging, *inter alia*, that the goods which it had sold to Focus were transferred by Focus to the defendant In Tune Industries, Inc. d/b/a Music Emporium (hereinafter In Tune) without complying with article 6 of the Uniform Commercial Code. The appellants moved to dismiss the complaint insofar as asserted against them contending, among other things, that the plaintiff had notice of the transfer in March 1991 and that the action was, therefore, time-barred.

Uniform Commercial Code § 6-111 provides that an action pursuant to UCC article 6 shall be commenced within six months after the date on which the transferee took possession of the goods unless the transfer has been concealed, in which case, actions may be brought within six months after discovery of the transfer. Here, contrary to the appellants' contention, there was a complete failure upon their part to comply with the notice provisions of UCC article 6 which was tantamount to a concealment of the transfer of assets within the meaning of UCC 6-111 (*see, E. J. Trum, Inc. v Blanchard Parfums*, 33 AD2d 689; *Amboy Sequine Assocs. v Gar Sing Rest.*, 248 AD2d 496; *Cleaners Prods. Supply v Garcia*, 169 Misc 2d 418). This action, commenced within six months of the plaintiff's discovery of the alleged fraudulent transfer, was therefore not barred by the Statute of Limitations.

The appellants' remaining contentions are without merit. Ritter, J. P., Thompson, Altman and McGinity, JJ., concur.