KLOTT ET AL., APPELLANTS, *v.* ASSOCIATES REAL ESTATE ET AL., APPELLEES.

(No. 74AP-229—Decided October 29, 1974.)

*Messrs. Garber, Wilcox & Deshler, Mr. Dana A. Deshler, Jr.,* for appellants.

*Robins, Preston & Beckett Co., L. P. A.,* and *Mr. John A. Sentz, Jr.,* of counsel, for appellees.

HOLMES, J. This matter involves the appeal of a judgment of the Municipal Court of Franklin County, sustaining a motion on behalf of the defendants, the appellees herein, to dismiss the complaint of the plaintiffs, the appellants, on the basis that such complaint failed to state a cause of action. The facts, as alleged by the plaintiffs, giving rise to the filing of this complaint, the motion to dismiss and the judgment from which this appeal emanated, in brief, are as follows:

The plaintiffs, Terry and Wanda Klott, desiring to

purchase property in Grove City, Ohio, signed a purchase agreement with defendants William and Diana Stewart. Associates Real Estate was the brokerage firm which represented Mr. and Mrs. Stewart, the sellers of such property. The plaintiffs allege in their complaint that after the closing of the real estate transaction, they moved into the premises in question on March 31, 1973, and that on April 1, 1973, the plaintiffs ''became aware of the malfunctioning of the water well on the premises'' and ''on or about April 2, 1973, the plaintiffs discovered that the water well had been in dire need of repair prior to the time they purchased the property.''

The plaintiffs then proceed to set forth the nub of their cause of action in the first claim for relief, within clause 9, as follows:

''Defendants, the Associates Real Estate and Reed McIntosh did not disclose to the Plaintiffs prior to or at the time of the real estate closing that the said premises had a water well instead of city water. The Plaintiffs assert that. said Defendants were negligent in not discovering that the premises had a water well instead of being serviced by the city water and that they were negligent in not informing the Plaintiffs that there was a water well. If the Plaintiffs had known that the premises used well water instead of city water they would not have purchased the property.''

The second cause of action, or claim, adopted all of the allegations of the first claim, and further stated:

''[The Stewarts] failed in their duty to disclose to the plaintiffs prior to or at the time of the real estate closing that there was a water well on said premises and that the well was in need of repairs. Said Defendants knew of the existence of the water well and that it was in need of repairs.''

Further, in paragraph 3 of the ''Second Claim,'' the plaintiffs allege as follows:

''Plaintiffs were unaware that the premises had a water well until after the real estate closing on March 7, 1973. The Plaintiffs would not have purchased the property had they known of the existence of the well and that it

was not functioning properly. As a result of the fraudulent nondisclosure and concealment by the Defendants of the fact that there was a faulty water well, the Plaintiffs were damaged by the amounts they have expended on the repair of the well and the interest rate on the loan."

The trial court first dismissed the claim against defendants Associates Real Estate and Reed McIntosh, and subsequently the trial court dismissed the action against the Stewarts. Only the matter relating to the second claim against the Stewarts has been appealed. Plaintiffs argue that such second claim states a valid claim upon which relief can be granted by the trial court.

Plaintiffs argue that the second claim of their complaint conforms to the requirements of Civ. R. 8(A) and (E) in that the averments made are a short and plain statement of the basic facts of the case and that the averments are simple, concise and direct. Furthermore, plaintiffs contend that the facts stated by the complaint are set out in enough particularity to conform to Civ. R. 9(B), and that the complaint stated sufficient facts to apprise the defendants as to what the claim for relief is in this case.

Further, the plaintiffs claim that such complaint sets forth all of the necessary elements to make out a case based upon fraud and deceit, and that "as a matter of law that in an action for fraud, when one party has knowledge of a latent defect, such as a defective water well, he must disclose such information to the other party." In support of such proposition, the plaintiffs cite *Hadley* v. *Clinton County Importing Co.* (1862), 13 Ohio St. 502, and *Gilbey* v. *Cooper* (1973), 37 Ohio Misc. 119.

At the outset, we must determine the extent of the duty of a vendor of real estate to a vendee where there is no other special relationship between the parties other than vendor-vendee. It is rather obvious that the vendor may not, in the process of such sale procedure, engage in an action or inaction constituting fraud or deceit. The elements set forth in 24 Ohio Jurisprudence 2d 635, Fraud and Deceit, Section 20, which constitute the basis of a charge of fraud and deceit are: actual or implied representations or con-

cealment of a matter of fact which relates to the present or past, and which is material to the transaction; made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; with the intent of misleading another into relying upon it; and reliance upon it by the other person with a right to so rely; with resulting injury as the consequence of such reliance.

Here, there is no showing that there was any actual misrepresentation of known facts. Also, there was no showing of an implied representation of any facts concerning this property, or the well thereon, sold by the defendants to the plaintiffs. Generally, there is no duty or obligation on the part of a vendor to disclose matters concerning the subject of the sale, which matters are neither purposefully hidden from the vendee, nor latent and incapable of being observed and inspected by the vendee.

Fraud, of course, may be committed by suppression or concealment, as well as by expression of falsehood. 24 Ohio Jurisprudence 2d 676, Fraud and Deceit, Section 74. A false impression may be left by a concealment or nondisclosure of facts which there is a duty under the circumstances to disclose. *Ziliox* v. *City View Apartment & Storage Co.* (1925), 20 Ohio App. 156. A nondisclosure of a material latent defect known to the vendor and unknown to the vendee may or may not, according to the facts, be a fraudulent act. 24 Ohio Jurisprudence 2d 677, Fraud and Deceit, Section 74, citing *Hadley et al.* v. *Clinton County Importing Co.* (1862), 13 Ohio St. 502.

Certainly there is a fraudulent concealment where a lessor or vendor fails to reveal to a lessee or vendee sources of peril of which he is aware and which are not discoverable by the lessee or vendee. See *Shinkle, Wilson and Kreis Co.* v. *Birney and Seymour* (1903), 68 Ohio St. 328, as to lessor-lessee. Generally, a simple failure to disclose a fact is not equivalent to its concealment. *Talcott* v. *Henderson* (1877), 31 Ohio St. 162. As stated in 24 Ohio Jurisprudence 2d 678, Fraud and Deceit, Section 75: "* * * a distinction is made between the concealment of a fact and the

failure to disclose a fact. The former implies a purpose— a design; the latter does not." Citing *Henderson-Achert Lithographing Co.* v. *Belford Clarke & Co.* (1890), 8 N. P. 640, affirmed in 52 Ohio St. 668.

A relation of buyer and seller does not of itself impose the duty to speak, but in certain circumstances there may be a duty imposed by law to speak. Such would be the case in the event of the nondisclosure of a dangerous latent defect in the property not readily discoverable by the vendee. By way of example, if there be a contaminated well, known to the vendor and undisclosed to the vendee, the concealment of such may well constitute actionable fraud.

Generally in this regard, we find the following comments in an article concerning the vendor's duty to disclose the termite condition of real property:

"* * * [I]t has been said that the law has not yet reached the point of imposing upon the frailties of human nature a standard so idealistic as to hold every seller liable who fails to disclose any non-apparent defect known to him in the subject of sale which materially reduces its value and which the buyer fails to discover. In a few recent decisions, however, the courts have held that termite infestation can obviously become a serious and dangerous condition and, if known to the vendor, must in good faith be disclosed to the purchaser, since caveat emptor is no longer rigidly applied to the complete exclusion of any moral and legal obligation to disclose material facts not readily observable upon reasonable inspection by the purchaser, and that the object of the law is to impose on parties to the transaction a duty to speak whenever justice, equity, and fair dealing demand it." 22 A. L. R. 3d 975.

It must be re-emphasized, however, that such article is discussing the duty to disclose material facts of a serious and dangerous condition of the property known by the seller and not readily observable upon reasonable inspection by the purchaser, certainly not the facts of this case.

Here, as stated, there were no misrepresentations made. Also, there was no special relationship of the parties that would have occasioned a special duty owing from

the vendor to the vendee. Further, there is no showing that the latent defect as claimed was one which would have given rise to a situation of peril to the vendee. Additionally, there is no showing of any reason why the vendee could not have sought out information from the vendor concerning the source of the water supply, and the condition of the equipment therefor. In the instant case, it may well be concluded that equitable dealing and the rule of morality would dictate that a disclosure be made if the vendor knows of a defect, but under the circumstances we do not believe that the law would require such disclosure by the vendor.

Again turning our view to the allegations contained in the complaint, we hold that the plaintiffs did not state a cause of action against the defendants, and the trial court did not commit error when he dismissed the action. The judgment of the Municipal Court of Franklin County is therefore affirmed.

*Judgment affirmed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.