**BARKER** et al.

v.

**STONER** et al.

Toledo Municipal Court, Lucas County, Ohio.

No. CVE–92–17054.

Decided Oct. 4, 1994.

*Joseph M. D'Arcangelo*, for plaintiffs.
*L. Douglas McCrury*, for defendants.

THOMAS J. OSOWIK, Judge.

Plaintiffs Mark G. and Annette Barker filed a complaint against the vendors of real property, Forrest and Jeanine Short, as well as William R. Stoner and/or K & A Roofing. Plaintiffs alleged the real property they purchased from the Shorts contained a latent defect, *viz.*, a leaking roof. Plaintiffs claimed defendants made false, fraudulent misrepresentations regarding the property and/or failed to disclose the property's latent defects, resulting in damage to plaintiffs.

Plaintiffs further alleged that defendants Stoner and/or K & A Roofing negligently repaired and replaced the roof of the premises.

Plaintiffs further filed an amended complaint, alleging that the Shorts actively participated in the repair of the roof, that the roof was repaired negligently, and that their actions resulted in a breach of the warranty of merchantability.

The Shorts filed a motion for summary judgment.

Defendants contend that plaintiffs entered into a contract for the purchase of their home on June 3, 1990. Defendants further contend that defendant Forrest Short had no ownership interest in the real property other than a dower interest created by statute. The parties then entered into a second contract, dated July 12, 1990. And further, this contract was intended by all parties to replace the June 3, 1990 contract. The closing occurred on August 17, 1990.

Defendants further allege that at the time that both contracts were entered into, there was work in progress on the roof, clearly visible to plaintiffs. Access to the roof was unimpeded.

Plaintiffs' response is that the case against the Shorts is premised upon defendants' duty to disclose under the contract and, further, negligence on the part of defendants for their active involvement in the roof repair.

The pleadings and memorandum submitted establish that the purchase agreement the parties executed stated at paragraph 5:

"5. Purchaser acknowledges inspection of said property and knows the condition thereof and is purchasing said property as is including electric light fixtures. * * *"

Defendants contend that plaintiffs had access to the home and had inspected the premises on at least two separate occasions before signing the agreement. The roof was open and visible.

Plaintiffs argue that (1) the defective roof condition was a latent defect which the Shorts, as sellers, had a duty to disclose, and (2) that the Shorts actively participated in the roof repair; ergo, defendants made false or fraudulent misrepresentations to them.

In the case *sub judice*, the Shorts attached to their motion for summary judgment a copy of the purchase agreement signed by plaintiffs, in which the purchasers acknowledge inspecting the property and purchasing the property "AS IS."

Ohio has long recognized that the doctrine of caveat emptor applies to real estate transactions.

"The doctrine of *caveat emptor* precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. (*Traverse v. Long* [1956], 165 Ohio St. 249, 59 O.O. 325, 135 N.E.2d 256, approved and followed.)" *Layman v. Binns* (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, at syllabus.

Furthermore, in *Kaye v. Buehrle* (1983), 8 Ohio App.3d 381, 8 OBR 495, 457 N.E.2d 373, the court held that where a clause in a real estate contract states the property is sold "as is," a claim for fraudulent nondisclosure is barred. See, also, *Mancini v. Gorick* (1987), 41 Ohio App.3d 373, 536 N.E.2d 8.

The defects here are allegations involving repair of the roof. Plaintiffs did visit the home on at least two separate occasions.

Here the purchase agreement places the risk on the buyer. The contract states that the buyers purchased the property "in its present physical condition." This term is synonymous with the term "as is." *Vilk v. Radley* (Aug. 18, 1989), Lake App. No. 13087, unreported, 1989 WL 95775. A contractual agreement to accept real property in "as is" condition relieves the seller of any duty to disclose that the property was sold in a defective condition. *Kaye, supra; Vilk, supra.* Defendants, therefore, were contractually released from their duty to disclose any allegedly latent defects in the dwelling.

The "as is" contract provision cannot be relied upon, however, to relieve defendants of liability on a claim for fraudulent misrepresentation. *Kaye, supra.* See, also, *Mancini v. Gorick, supra.* The basic elements of a cause of action for fraudulent misrepresentation include an actual or implied misrepresentation

which is material to the transaction, made with knowledge that the statement is false, with the intent to mislead another who relies on the misrepresentation with resulting injury. *Klott v. Associates Real Estate* (1974), 41 Ohio App.2d 118, 70 O.O.2d 129, 322 N.E.2d 690. See, also, *Sanfillipo v. Rarden* (1985), 24 Ohio App.3d 164, 24 OBR 253, 493 N.E.2d 991.

■ An action for fraudulent misrepresentation requires proof of (1) a representation, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 73, 23 OBR 200, 203, 491 N.E.2d 1101, 1105; *Klott v. Assoc. Real Estate*, 41 Ohio App.2d at 120–121, 70 O.O.2d at 130–131, 322 N.E.2d at 691–692. See, also, *Pumphrey v. Quillen* (1956), 165 Ohio St. 343, 59 O.O. 460, 135 N.E.2d 328.

Defendants contend that there is no evidence defendants knowingly misrepresented or possessed utter disregard for the truth of the fact that the roof had leaks. The purchase agreement was "as is" and specifically noted no oral representations were made in coming to the terms of sale. (Purchase agreement, paragraph 10.)

■ A party is under a duty to speak if he or she fails to disclose a material fact which may justifiably induce another party to refrain from acting, and the nondisclosing party knows that the failure to disclose the information to the other party will render a prior statement untrue or misleading. *Miles v. McSwegin* (1979), 58 Ohio St.2d 97, 100, 12 O.O.3d 108, 110, 388 N.E.2d 1367, 1369.

Civ.R. 56(C) provides, in pertinent part:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Additionally, the Supreme Court of Ohio has stated:

"It is axiomatic that a motion for summary judgment may only be granted where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Moreover, summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). Furthermore, in reviewing a motion for summary judgment, this court, as other courts, must construe the evidence in a light most favorable to the party opposing the motion. * * * Therefore, absent an affirmative showing by the moving party, appellees herein, that no genuine issues exist as to any material fact, * * * and that such party is entitled to judgment as a matter of law, no summary judgment may be granted." (Citations omitted.) *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 46–47, 517 N.E.2d 904, 906–907.

In *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, the court held:

"A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. (*Celotex v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, approved and followed.)" *Id.* at paragraph three of the syllabus.

■ Plaintiffs further allege that defendants were negligent in their active repair of the roof. In a negligence action, summary judgment is appropriate when a plaintiff is unable to prove all four elements of a prima facie negligence case: (1) duty, (2) breach of duty, (3) proximate causation, and (4) resulting injury. *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532.

■ In the case *sub judice*, defendants have presented no affidavits, depositions or written admissions to their motions.

Civ.R. 56(C) specifies which documents and items may be considered by a trial court when ruling upon a motion for summary judgment. It provides, in part:

" * * * Summary judgment shall be rendered forthwith if the *pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any,* timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *." (Emphasis added.)

■■ A court may not consider any documentary evidence of a type not specified in Civ.R. 56(C). *Spier v. Am. Univ. of the Caribbean* (1981), 3 Ohio App.3d 28, 3 OBR 29, 443 N.E.2d 1021, paragraph two of the syllabus. As another court has stated:

"The proper procedure for introducing evidentiary materials not specified in Civ.R. 56(C) is to incorporate them by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632." *Maloney v. Oakdale Cemetery Bd. of Trustees* (Sept. 30, 1993), Ashtabula App. No. 92–A–1727, unreported, 1993 WL 407302.

It is clear that defendants did not follow this procedure in this case. The record reflects that admissions were filed by plaintiffs and that depositions were taken but not filed.

Defendants also assert that they are entitled to recover attorney fees because plaintiffs have violated Civ.R. 11, which provides:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name * * *. The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a willful violation of this rule an attorney may be subjected to appropriate action. * * * "

■■ In *Buller v. Respicare, Inc.* (1987), 39 Ohio App.3d 17, 18, 528 N.E.2d 1282, 1283, Judge Whiteside, in his concurring opinion, stated that the "appropriate action" language of Civ.R. 11 may include imposition of the responsibility to pay the attorney fees of the adverse party upon the attorney's willfully violating the rule. However, in order to prevail, a party must present evidence of a willful violation of Civ.R. 11.

The court finds that there is no evidence at this point in this litigation to support a finding that plaintiffs willfully violated Civ.R. 11.

Based upon the court's review of defendants' motion for summary judgment, a review of plaintiff's response, and a thorough review of the pleadings and other documents contained in the file, defendants' motion for summary judgment is not found well taken at the present time and is therefore, DENIED.

The case is referred to the Office of the Assignment Commissioner for assignment of a trial date no earlier than sixty days from the date of this order. Further pretrial motions to be filed no later than fourteen days prior to trial■

*So ordered.*