[Cite as *Martel vs. Am. Family Ins. Co.*, 2012-Ohio-1486.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THOMAS MARTEL | JUDGES: |
| | Hon. Patricia A. Delaney, P.J. |
|     Plaintiff-Appellant | Hon. William B. Hoffman, J. |
| | Hon. Sheila G. Farmer, J. |
| -vs- | |
| AMERICAN FAMILY INSURANCE COMPANY | Case No. 11CAE080077 |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Court of Common
Pleas, Case No. 09CVH081028

JUDGMENT:  Affirmed

DATE OF JUDGMENT:  March 26, 2012

APPEARANCES:

For Plaintiff-Appellant

CHARLES H. COOPER, JR.
REX H. ELLIOTT
2175 Riverside Drive
Columbus, OH  43221

For Defendant-Appellee

JAMES R. GALLAGHER
471 East Broad Street
19th Floor
Columbus, OH  43215-3872

DANIEL R. MORDARSKI
5 East Long Street
Suite 1100
Columbus, OH  43215

*Farmer, J.*

{¶1}    In August of 1999, Jeffrey and Margaret Heintzelman hired appellant, Tom Martel, dba Martel Heating and Cooling, to install an attic air conditioner in their home. The air conditioner never worked properly.  Mr. Martel attempted to fix the problem, but was unsuccessful.

{¶2}    In 2001, the Heintzelmans hired Air Experts, Inc. to fix the air conditioner. Air Experts was unable to repair the unit and the problems continued.

{¶3}    On July 15, 2002, Mr. Heintzelman went to the attic to examine leaking from the air conditioner.  Mr. Heintzelman was electrocuted by an unprotected outlet providing power to the condensation pump leading to the air conditioner.  The outlet had been installed by appellant.

{¶4}    At the time of the installation of the air conditioner, appellant was insured under a commercial insurance policy issued by appellee, American Family Insurance, Policy No. 34–X03305–01.  The policy was in effect from May 18, 1999 to May 18, 2000, with a limit of $500,000.00.

{¶5}    On December 10, 2002, the Estate of Jeffrey K. Heintzelman, together with Mrs. Heintzelman, filed a complaint against appellant and Air Experts, claiming wrongful death and negligent infliction of serious emotional distress (Case No. 02CVH–12–712).  Appellee defended appellant in the lawsuit.  On March 16, 2003, the complaint was dismissed without prejudice.

{¶6}    On December 4, 2003, appellee filed a declaratory judgment action (Case No. 03CVH–12–896), seeking a judgment that it did not have a duty to indemnify appellant for any damages awarded in the case.  On March 4, 2004, appellee filed a motion for default judgment based upon appellant's failure to answer or otherwise defend the action.  The trial court granted the motion on March 10, 2004.  In March of 2007, appellant filed a motion to vacate the default judgment.  By judgment entry filed March 12, 2007, the trial court denied the motion, finding the motion was untimely filed.

{¶7}    On April 9, 2004, the Heintzelman Estate again filed a complaint against appellant and Air Experts (Case No. 04CVH–04–233).  A jury trial commenced on February 28, 2005.  The jury found in favor of the Heintzelman Estate, awarding the estate $1,014,186.00 and Mrs. Heintzelman $2,650,000.00 on her emotional distress claim.  The award to Mrs. Heintzelman was subsequently reversed by this court.  See, *Estate of Heintzelman v. Air Experts, Inc.,* Delaware App. No.2005–CAPE–08–0054, 2006–Ohio–4832, (hereinafter *"Heintzelman I").*

{¶8}    On May 10, 2005, while the appeal was pending, the Heintzelman Estate filed a supplemental complaint against appellee, claiming appellee must indemnify appellant (Case No. 04CVH–04–233).  Appellee filed a motion for summary judgment on October 6, 2005, claiming in part that the Heintzelman Estate could not collaterally attack the default judgment in favor of appellee and against appellant, and appellant was not entitled to coverage under the insurance policy.  The trial court stayed the case pending the outcome of the appeal.

{¶9}    On August 23, 2006, appellant filed a separate complaint against appellee, claiming bad faith and fraudulent misrepresentation regarding coverage under

the policy and over the default judgment in the declaratory judgment action (Case No. 06CVH–08–761). On December 15, 2006, appellee filed a motion to dismiss appellant's complaint, claiming res judicata because of the declaratory judgment decision in Case No. 03CVH12–0896. By judgment entry filed February 1, 2007, the trial court granted the motion. On appeal, this court reversed, finding res judicata did not apply to the specific claims made by appellant. *Martel v. American Family Insurance Company,* Delaware App. No. 07CAE020012, 2007–Ohio–4819.

{¶10} Upon remand by this court in *Heintzelman I,* the trial court adjusted the award for emotional distress to $0 (Case No. 04CVH–04–233). See, Judgment Entry filed August 6, 2007. By separate entry filed August 6, 2007, the trial court granted appellee's motion for summary judgment that had been stayed in Case No. 04CVH04–0233, finding the Heintzelman Estate was bound by the default judgment rendered against appellant in Case No. 03CVH12–0896. On appeal, this court reversed the trial court's decision granting appellee's motion for summary judgment, finding the Heintzelman Estate as a judgment creditor was not bound by the declaratory judgment because appellee had initiated the declaratory judgment against its insured, appellant. See, *Estate of Heintzelman v. Air Experts, Inc.,* Delaware App. No. 07CAE090054, 2008–Ohio–4883, (hereinafter *"Heintzelman II"*). The Supreme Court of Ohio affirmed the decision in *Heintzelman II.* See, *Estate of Heintzelman v. Air Experts, Inc.,* 126 Ohio St.3d 138, 2010–Ohio–3264.

{¶11} On August 5, 2009, appellant filed the complaint which is the subject of this appeal (Case No. 09CVH-08-1028) that was a refilling of Case No. 06CVH-08-761 which had alleged bad faith and fraudulent misrepresentation against appellee. The 06

case had been dismissed by the trial court under the doctrine of res judicata which this court reversed. *Martel v. American Family Insurance Company,* Delaware App. No. 07CAE020012, 2007–Ohio–4819. On July 16, 2010, appellee filed a motion for summary judgment, claiming appellant was not covered under the policy, res judicata, and insufficient evidence to support his claims.

{¶12} Upon remand by this court in *Heintzelman II,* affirmed by the Supreme Court of Ohio, the trial court entertained motions for summary judgment filed by the Heintzelman Estate and appellee on the issue of insurance coverage on the wrongful death award. By judgment entry filed April 29, 2011, the trial court denied the motion filed by the Heintzelman Estate and granted appellee's motion, finding the subject insurance policy was not in effect at the time of Mr. Heintzelman's death, appellee had not waived its defense of no coverage, and the doctrine of estoppel did not apply. This court affirmed the trial court's decision. *Estate of Heintzelman v. Air Experts, Inc.,* Delaware App. No. 11CAE050043, 2011-Ohio-5242.

{¶13} On July 25, 2011, the trial court granted appellee summary judgment as against appellant in the case sub judice, finding no bad faith or fraudulent misrepresentation.

{¶14} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶15} "THE TRIAL COURT ERRED WHEN IT GRANTED AMERICAN FAMILY'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THE

INSURANCE POLICY AMERICAN FAMILY ISSUED TO THOMAS MARTEL DID NOT PROVIDE COVERAGE."

I

{¶16} Appellant claims the trial court erred in granting summary judgment to appellee. We disagree.

{¶17} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶18} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶19} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶20} Appellant argues four issues. The first and second issues concern the coverage provisions under his American Family commercial liability insurance policy. Appellant conceded the issue of coverage under the policy has been resolved by this court in *Estate of Heintzelman v. Air Experts, Inc.* Delaware App. No. 11CAE050043, 2011-Ohio-5242. The remaining issues for consideration are the issues of bad faith and fraudulent misrepresentation by appellee to appellant.

{¶21} "Bad Faith" "generally implies something more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscience wrongdoing, breach of a known duty through some ulterior motive, or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." *State v. Combs,* Delaware App. No. 03CA-C-12-073, 2004-Ohio-6574, ¶4. An action for fraudulent misrepresentation requires proof of (1) a representation, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Burr v. Stark County Board of Commissioners* (1986), 23 Ohio St.3d 69, 73.

{¶22} In its decision filed July 25, 2011, the trial court addressed the issues of bad faith and fraudulent misrepresentation, finding no genuine issues of material fact:

{¶23} "Here, it has been determined that there was no coverage at the time of Mr. Heintzelman's death; therefore, any bad faith claim against American Family cannot survive. Accordingly, there is no question as to any material fact regarding the bad faith

claims and American Family is entitled to judgment as a matter of law as to Count One of the Plaintiff's complaint.

{¶24} "Second, the Plaintiff seeks to recover for fraudulent misrepresentation; claiming that American Family made various representations to the Plaintiff that were false regarding the Heintzelman case and the Plaintiff's insurance coverage. (Pl.'s Compl. ¶28.) To establish a claim for fraudulent misrepresentation, the Plaintiff must establish an actual or implied misrepresentation which is material to the transaction, made with knowledge that the statement is false, with the intent to mislead another who relies on the misrepresentation with resulting injury. *Baker v. Stoner* (1994), 70 Ohio Misc.2d 42, 650 N.E.2d 1372.

{¶25} "The Plaintiff claims that he suffered damages exceeding $1,000,000.00 because American Family refused to pay the damages assessed against him. (Pl.'s Compl. ¶29.) Again, the Court has established that American Family was not obligated to pay any claims against the Plaintiff in the Heintzelman case because there was no policy in effect at the time of Mr. Heintzelman's death. Accordingly, the Plaintiff has not suffered any injury and has failed to establish the requisite elements for a fraudulent misrepresentation claim. Therefore, there is no question as to any material fact regarding the fraudulent misrepresentation claim and American Family is entitled to judgment as a matter of law as to Count Two of the Plaintiff's complaint."

{¶26} The basis of the bad faith and fraudulent misrepresentations claims are set forth in the August 5, 2009 complaint as follows:

{¶27} "This cases (sic) arises out of one of the most egregious examples of an insurer's bad faith treatment of its insured imaginable. Defendant's bad faith includes (i)

failing to inform its insured about a settlement offer within the insured's $500,000 policy limits; (ii) fraudulently denying coverage by changing the wording of plaintiff's insurance policy; (iii) sending plaintiff a reservation of rights letter that misrepresented the terms of the insurance policy in an effort to avoid coverage; (iv) suing its own insured and failing to advise the insured that the attorney appointed by the insurer would not be representing him in the lawsuit; and (v) informing plaintiff that he did not need to take any action in response to the complaint or defendant's motion seeking a Default Judgment in order to obtain an uncontested Court Order declaring that plaintiff had no insurance coverage for Mr. Heintzelman's death. As a result of defendant's unlawful conduct, plaintiff is now subject to a seven figure Judgment that is far in excess of plaintiff's personal assets. Plaintiff seeks compensatory and punitive damages due to defendant's bad faith as well as his attorneys fees for prosecuting this action."

{¶28} In his August 19, 2010 memorandum in opposition to the motion for summary judgment, appellant argued the following facts demonstrated bad faith and fraudulent misrepresentation:

{¶29} "The bad faith in this case includes each of the following acts:

{¶30} "American Family failed to inform Mr. Martel of an inquiry into settling the matter for the limits of his insurance policy;

{¶31} "American Family initially accepted coverage and later altered its position by changing the language of its policy;

{¶32} "American Family sent Mr. Martel a Reservation of Rights letter misrepresenting the terms of the policy *six months* after informing him he had coverage;

{¶33} "American Family sued Mr. Martel seeking to vitiate coverage and failed to inform Mr. Martel that he needed to seek independent legal advice in connection with the lawsuit; and

{¶34} "American Family advised Mr. Martel that he did not need to respond to the lawsuit and that it would have no impact on him leading to a Default Judgment against Mr. Martel.

{¶35} "As a result of American Family's bad faith, Mr. Martel has been staring down the barrel of a seven figure Judgment for the past five years."

{¶36} The reservation of rights letter dated June 30, 2003 included the following language:

{¶37} "This letter is to advise you that there exists a dispute between you and American Family Insurance Company as to whether the Company can provide liability, or other protection to you for the above indicated incident. The Plaintiffs in this case are alleging that a loss occurred on July 1, 2002. Your policy was effective from May 18, 1999 to May 18, 2000. It does not appear that your policy was in effect on the date of the alleged loss. As such, the loss would not be covered under your policy.

{¶38} "***

{¶39} "We are bringing these matters to your attention at this time and wish to further advise that in American Family Insurance Company's investigation of this matter and any claims arising from it, in the negotiation or settlement of any such claims, in defending any lawsuit against you or others or against American Family Insurance Company, or in taking any other action with regard to the complaint of The Estate of Jeffrey K. Heintzelman, American Family Insurance Company reserves the right to

assert any and all defenses it may have as to the coverage afforded to you, if any, under policy number 34X-03305-01-0000. By taking these actions or refraining from any such action, American Family Insurance Company does not waive any of its rights under the policy nor does it admit any obligation to defend any lawsuit against you or pay any claim or judgment arising from this incident."

{¶40} Prior to this reservation of rights letter, a letter dated January 22, 2003 was sent to appellant indicating a law firm was engaged to represent him:

{¶41} "We have retained Mark Maddox, Attorney, Frost & Maddox, 400 South Fifth Street, Ste. 301, Columbus, OH 43215, with telephone number (614) 224-0933 to represent you in the above-referenced lawsuit. This was done pursuant to your American Family Insurance Company of Ohio policy of insurance.

{¶42} "***

{¶43} "I am writing you to advise you of this personal exposure which you may have. You may obtain another attorney at your own expense to assist you in this litigation. Mark Maddox and their firm mentioned above will continue to represent you and we will pay their attorney fees."

{¶44} Appellee had filed a declaratory judgment action relative to the coverage available under the policy (Case No. 03CVH–12–896). Appellant did not respond and default judgment was granted on March 10, 2004. In March of 2007, appellant filed a motion to vacate the default judgment. By judgment entry filed March 12, 2007, the trial court denied the motion, finding the motion was untimely filed. .

{¶45} Appellant appears to argue that a "default" on a declaratory judgment action is not a decision on the merits. Even in default, a trial court is required to consider the issues and therefore a determination on such is a decision on the merits:

{¶46} "Subject to division (B) of this section, courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for under this chapter. The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree." R.C. 2721.02(A).

{¶47} The 2004 motion for default judgment argued appellee had no duty to indemnify appellant in the Heintzelman case and gave reasons in support. See, March 4, 2004 Motion for Default Judgment attached to Plaintiff's August 5, 2009 Complaint as Exhibit D. The judgment entry granting the default judgment specifically found appellee had no duty to indemnify appellant in the Heintzelman case pursuant to the terms in the policy. See, March 10, 2004 Default Judgment Entry attached to Plaintiff's August 5, 2009 Complaint as Exhibit E.

{¶48} Appellant also argues he was led to believe there was coverage under the policy because appellee provided him with an attorney in the tort case, he was not informed that the attorney would not be representing him in the declaratory judgment action, he was misinformed about the consequences of the default judgment in the declaratory judgment action, and he was not informed about mediation and/or any possible settlement in the tort case.

{¶49} In his deposition, appellant stated that very early on in the tort action, he was informed personally and in writing that although there was no coverage, appellee would provide him with an attorney to defend himself. Martel depo. at 56, 59-60. When appellant received the declaratory judgment complaint or the motion for default judgment, he contacted the attorney provided by appellee and was told to contact American Family as he had nothing to do with the declaratory judgment action. Id. at 60, 63. Appellant was assured by American Family that the declaratory judgment action would not affect the representation being provided in the tort case. Id. at 60-61.

{¶50} Appellant reaffirmed that regardless of the declaratory judgment action, it was his understanding that there was no coverage:

{¶51} "Q. From the very first time that you had any communications at all with American Family either in writing or on the phone, was their position pretty consistent that they did not believe that you had any coverage under your policy but despite that, they were going to continue to have Scott Norman continue to defend you in the lawsuit?

{¶52} "A. Yes. Initially I was told that I was covered very, very, very way back in the beginning and then it was changed so pretty much from, I will say, week two I knew that they are not paying any money but they are going to pay for the attorney.

{¶53} "***

{¶54} "Q. All you can recall is that, whether it be this letter or something else, you recall getting a letter from American Family saying they were denying coverage or disputing coverage for the loss but they would still have a lawyer defend you; is that correct?

{¶55} "A. I remember being notified. I don't know if it was a letter or phone conversation. I couldn't tell you that. I just remember being - - knowing that they weren't picking up any - - any money if we lost or whatever.

{¶56} "***

{¶57} "Q. Did you have any dispute with their taking that position? Did you ever disagree with them when they told you that that was their position?

{¶58} "A. I mean, no, if I did, I would have probably even have done something about it, but no." Id. at 68, 72, 79-80, respectively.

{¶59} Appellant admitted to getting served the declaratory judgment action and just throwing it in a pile of papers, and did not take any action until he received the motion for default judgment and then he called the attorney representing him in the tort action. Id. at 74, 76. When appellant became aware that the attorney could not represent him in the declaratory judgment action, he called American Family who told him not to worry, they would still provide him with counsel for his tort case. Id. at 60-61, 63-64. Appellant did not consult with anyone else about the motion for default judgment. Id. at 65.

{¶60} A mediation was held in the tort action of which appellant had no recollection, but he freely admitted he was never in a position to make any kind of settlement in the case. Id. at 83-85.

{¶61} Regardless of appellant's lack of specific recall relative to the declaratory judgment action and what he should do, it is law of the case that there was no coverage under the American Family commercial liability policy. *Estate of Heintzelman v. Air Experts, Inc.,* Delaware App. No. 11CAE050043, 2011-Ohio-5242.

{¶62}  Appellant freely admitted he understood very early on and throughout the underlying case that there was no coverage and American Family would just pay for an attorney to defend him.  Further, appellant admitted there was no way he was financially able to participate in any settlement of the tort action.

{¶63}  Based upon these undisputed facts, we conclude the trial court was correct in granting summary judgment to appellee on the bad faith and fraudulent representation claims.

{¶64}  The sole assignment of error is denied.

{¶65}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.



s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s/ William B. Hoffman_____

JUDGES

SGF/sg 305

[Cite as *Martel vs. Am. Family Ins. Co.*, 2012-Ohio-1486.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THOMAS MARTEL | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| AMERICAN FAMILY INSURANCE COMPANY | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 11CAE080077 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.  Costs to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman_____

JUDGES