[Cite as *Lenard v. Miller*, 2013-Ohio-4703.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    99460

# RICHARD LENARD, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# DUANE MILLER, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.    CV-768103

**BEFORE:**    Boyle, P.J., Jones, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**    October 24, 2013

**FOR APPELLANT**

Richard Lenard, pro se
6755 Mayfield Road, #422
Mayfield Heights, Ohio    44124

**FOR APPELLEE**

Duane Miller, pro se
3675 Winchell Road
Shaker Heights, Ohio    44120

**ATTORNEYS FOR APPELLEES**

**For Chicago Title Insurance Company**

Donald C. Bulea
Kathleen A. Nitschke
Giffen & Kaminski, L.L.C.
1300 East Ninth Street
Suite 1600
Cleveland, Ohio    44114

**For Consumer First Title Agency, L.L.C.**

David L. Firestine
Alex J. Ragon
Witschey, Witschey & Firestine Co., L.P.A.
405 Rothrock Road
Suite 103
Akron, Ohio    44321

**For Deutsche Bank National Trust Company**

Phillip C. Barragate
Ashlyn Heider
Shapiro, Van Ess, Phillips, Barragate
4805 Montgomery Road
Suite 320
Norwood, Ohio    45212

MARY J. BOYLE, P.J.:

{¶1} Plaintiff-appellant, Richard Lenard, appeals the trial court's decisions denying his motion to stay and granting the converted motions for summary judgment filed by defendants-appellees, Deutsche Bank National Trust Company ("Deutsche Bank"), Chicago Title Insurance Company ("Chicago Title"), and Consumer First Title Agency, L.L.C. ("Consumer First") (collectively "appellees"). Finding no merit to the appeal, we affirm.

## Procedural History and Facts

{¶2} This case concerns the real property located at 4622 East 86th Street, Garfield Heights, Ohio ("property"). On July 16, 2007, defendants Duane and Gloria Miller conveyed the property to plaintiff, Kimyatta Ray, who was married to Lenard, by executing a general warranty deed. Three days later, Chicago Title issued a title insurance policy for the property.

{¶3} In March 2008, Deutsche Bank filed a foreclosure action against the Millers, claiming that a note issued by the bank and secured by the property was not satisfied. Deutsche Bank also named Ray and Lenard as defendants to the foreclosure action. Chicago Title originally defended Ray and Lenard in the action but, after an investigation concerning the transfer of the property to Ray, Chicago Title ultimately withdrew. The trial court in the foreclosure action allowed Ray's and Lenard's counsel to withdraw in October 2009 after Chicago Title obtained a declaratory judgment in a separate action, wherein the trial court declared that Chicago Title "shall have no

obligation to insure, indemnify or defend Kimyatta Ray on issues involving the title" to the property.

{¶4} On July 8, 2010, Deutsche Bank was awarded a decree of foreclosure over the property.

{¶5} On November 1, 2011, Ray and Lenard filed the underlying action in this case against the Millers and the appellees, alleging that, prior to their purchasing of the property, the property "was free and clear of all mortgage liens and encumbrances." They alleged that the Millers "notified" them that "there were no mortgage liens on the subject property" — a fact also "confirmed by Consumer First." According to Ray and Lenard, Deutsche Bank also misrepresented that there were no liens on the property. They further alleged that Chicago Title insured them for title insurance, also indicating that the property was free of any liens and encumbrances. Ray and Lenard stated that they relied on defendants' representations to their detriment and now have been damaged by virtue of the foreclosure action filed against their property for a mortgage lien of $95,400.

{¶6} In the complaint, Ray and Lenard asserted the following nine counts: (1) equitable estoppel/promissory estoppel (against all defendants), (2) fraudulent misrepresentation (against Deutsche Bank and the Millers), (3) breach of contract (against the Millers and Chicago Title), (4) breach of promise (against the Millers and Chicago Title), (5) negligence (against all defendants), (6) breach of fiduciary duty (against Consumer First Title, Deutsche Bank, and Chicago Title), (7) unjust enrichment

(against all defendants), (8) intentional/reckless infliction of emotional distress (against all defendants), and (9) declaratory relief (against all defendants).

{¶7} Ray and Lenard never obtained service over the Millers.

{¶8} All of the appellees filed motions to dismiss. Deutsche Bank moved to dismiss Ray and Lenard's claims on the basis that they were barred under the doctrine of res judicata. Specifically, Deutsche Bank argued that all of Ray and Lenard's claims were or could have been adjudicated in two previously decided actions: (1) the foreclosure action that Deutsche Bank filed against Ray and Lenard; and (2) the declaratory judgment action that Chicago Title brought against Ray. Deutsche Bank attached the dockets of these two cases to its motion to dismiss.

{¶9} Similarly, Chicago Title also moved to dismiss the complaint under both res judicata and Ray and Lenard's failure to sufficiently plead the elements of all the counts that they asserted. In support of its motion, Chicago Title attached the trial court's judgment entry and order granting it declaratory judgment on its complaint.

{¶10} Finally, Consumer First moved to dismiss the claims against it on the grounds of res judicata, the statute of limitations, and Ray and Lenard's failing to state a claim.

{¶11} On October 10, 2012, the trial court issued an order, stating the following:

> Defendants' motions to dismiss (filed 12/30/11, 1/6/12 and 3/27/12) are converted to motions for summary judgment as they present evidence outside the pleadings for the court's consideration. Pltf may file supplemental responsive briefs within 30 days from this order. If Pltf has filed responsive briefs, Defts may file a final reply brief within 10 days from the filing date of Pltf's response briefs.

**{¶12}** Rather than filing any supplemental responsive briefs, Lenard moved for "temporary stay of civil action" on the grounds that he "will be re-sentenced" in his criminal case and that he "will not be able to prosecute this instant suit while being detained in the Cuyahoga County jail due to the fact there is no law library available for use."

**{¶13}** On December 27, 2012, the trial court granted all of the appellees' "converted" motions for summary judgment, finding that all of the plaintiffs' claims fail as a matter of law. The trial court also denied Lenard's motion to stay the proceedings.

**{¶14}** From these decisions, Lenard appeals, raising six assignments of error:

I. The trial court erred to the prejudice of the plaintiff and committed reversible error when it granted the defendant's motion to dismiss with prejudice because defendant's [sic] relied on evidence outside of the complaint.

II. The trial court abused its discretion erred to the prejudice of the appellant's [sic] when it denied appellant's [sic] unopposed motion for a temporary stay.

III. The trial court erred to the prejudice of the appellant's [sic] and committed reversible error when it found that res judicata bars plaintiff's claims against Chicago Title Insurance Company when the July 28, 2009 default judgment was not decided on the merits.

IV. The appellants were unavoidably prevented from filing a cross claim against Chicago Title Insurance Company and all defendants in CV-08-655708 because there [sic] defense attorney was hired by Chicago Title Insurance Company through appellant's [sic] title insurance policy and appellant's [sic] claims are not barred by res judicata.

V. The trial court erred to the prejudice of the appellant's [sic] when it found that res judicata acts to bar plaintiff's claim against

Consumer First Title Agency because there was no prior litigation between appellant's [sic] and Consumer First Title Agency.

VI. The trial court erred to the prejudice of the appellant's [sic] when it found that appellant's [sic] complaint was filed outside the four year statute of limitations for negligence and breach of fiduciary duty as it concerns First Title Agency.

{¶15} We note that although Ray has signed the appellant's brief filed by Lenard, she failed to separately file a notice of appeal of the judgment below on her own behalf. Given that Lenard is not an attorney, he cannot represent Ray on appeal. *See Vizzini v. Nichols*, 11th Dist. Portage No. 2003-P-0085, 2003-Ohio-6225. Nor is his filing of a notice of appeal sufficient to preserve her right to appellate review when she failed to timely appeal. *Id.*, citing App.R. 4(A). Thus, our review is limited solely to the trial court's disposition of Lenard's claims in favor of the appellees.

Evidence Outside the Pleadings

{¶16} In his first assignment of error, Lenard argues that the trial court erroneously dismissed his complaint by considering matters outside of the pleadings. But the trial court converted the appellees' motions into motions for summary judgment and provided notice to all of the parties. The trial court additionally granted Lenard 30 days from the date of its journal entry to file a responsive brief to the appellees' converted motions for summary judgment. Thus, given that the trial court treated the motions to dismiss as motions for summary judgment, providing Lenard both notice and opportunity to respond, we find no merit to his first assignment of error. *See Smith v. Lurie*, 8th Dist. Cuyahoga No. 97360, 2012-Ohio-499, ¶ 11 (a trial court may not

consider matters outside the pleadings in reviewing a Civ.R. 12(B)(6) motion unless the court converts the motion to dismiss into a motion for summary judgment and provides notice to the parties).

{¶17} The first assignment of error is overruled.

## Motion to Stay

{¶18} In his second assignment of error, Lenard argues that the trial court abused its discretion in denying his motion to stay. He argues that the trial court denied him "access to the court" by denying his motion to stay. His argument, however, has no merit.

{¶19} It is well settled that "[a] pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the court." *Metzenbaum v. Gates*, 11th Dist. Geauga No. 2003-G-2503, 2004-Ohio-2924, ¶ 7, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996).

{¶20} The determination of whether to issue a stay of proceedings generally rests within the trial court's discretion and will not be disturbed absent a showing of abuse of discretion. *State ex rel. Verhovec v. Mascio*, 81 Ohio St.3d 334, 336, 691 N.E.2d 282 (1998). An abuse of discretion is shown when a decision is unreasonable, that is, when there is no sound reasoning process that would support the decision. *AAA Ents. v. River Place Community*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶21} Lenard sought a stay of the proceedings as a result of his being transported back to Cuyahoga County Common Pleas Court for resentencing in his criminal case.

Lenard indicated that he needed the stay to accommodate for his inability "to prosecute this instant suit while being detained in the Cuyahoga County jail due to the fact there is no law library available for use." He, however, failed to identify how long he needed the trial court to stay the matter. Notably, the trial court did not even rule on the motions to dismiss for over 60 days after the trial court granted notice of it converting them into motions for summary judgment. Lenard, therefore, had well over 30 days to file a responsive brief and never did.

{¶22} We find no abuse of discretion and overrule the second assignment of error.

Granting of Appellees' Motions

{¶23} Lenard's remaining four assignments of error challenge the trial court's award of summary judgment in favor of Chicago Title and Consumer First on some of his claims. Lenard, however, does not raise any argument with respect to granting judgment in favor of Deutsche Bank.

{¶24} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

{¶25} Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine the following:

(1) no genuine issue as to any material fact remains to be litigated,

(2) the moving party is entitled to judgment as a matter of law, and

(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

A. *Claims Against Chicago Title*

{¶26} In his third and fourth assignments of error, Lenard argues that the trial court erred in finding that the doctrine of res judicata barred his claims against Chicago Title.

{¶27} Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 1995-Ohio-331, 653 N.E.2d 226. The Ohio Supreme Court has identified four elements necessary to bar a claim under the doctrine of res judicata: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 84.

{¶28} The record reveals that Lenard's purported claims against Chicago Title are premised on Chicago Title's alleged refusal to defend him and Ray in the foreclosure action. But Chicago Title obtained a declaratory judgment that it had no obligation to

defend with respect to the property. Lenard contends, however, that the doctrine of res judicata does not apply here because Chicago Title only obtained a default judgment in the declaratory action. We disagree.

{¶29} "Even in default, a trial court is required to consider the issues and therefore a determination on such is a decision on the merits." *Martel v. Am. Family Ins. Co.*, 5th Dist. Delaware No. 11CAE080077, 2012-Ohio-1486, ¶ 45. Indeed, it is well established that the doctrine of res judicata is applicable even if the supporting action was decided on default motion. *See Cuyahoga Supply & Tool, Inc. v. Kilbane*, 8th Dist. Cuyahoga No. 76893, 2000 Ohio App. LEXIS 6078 (Dec. 21, 2000), citing *Broadway Mgt., Inc. v. Godale*, 55 Ohio App.2d 49, 378 N.E.2d 1072 (9th Dist.1977). Thus, the trial court properly invoked the doctrine of res judicata as a result of the default judgment and order obtained in Chicago Title's declaratory action. Because the declaratory action alone provided grounds to invoke the doctrine of res judicata with respect to the claims asserted against Chicago Title, Lenard's attack of the proceedings in the foreclosure action is irrelevant and provides no basis for reversal.

{¶30} The third and fourth assignments of error are overruled.

B. *Claims Against Consumer First Title Agency*

{¶31} In his fifth assignment of error, Lenard argues that the trial court erred in finding that res judicata bars his promissory estoppel and unjust enrichment claims against Consumer First because Consumer First was never a named party to the

declaratory judgment action filed by Chicago Title or the foreclosure action filed by Deutsche Bank.

{¶32} Consumer First, however, counters that the doctrine of res judicata applies because Consumer First was in privity with Chicago Title in the declaratory judgment action.   In support of this argument, Consumer First relies on Chicago Title's insurance policy as evidence of the agency relationship between the two entities.   Given the existence of an agency relationship, Consumer First argues that privity exists.   Lenard does *not* refute this fact.

{¶33} It is well settled that the doctrine of res judicata pertains to both parties and their privies.   As explained by the Ohio Supreme Court:

> In order to invoke res judicata, one of the requirements is that the parties to the subsequent action must be identical to or in privity with those in the former action.  *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees*, 69 Ohio St.2d 241, 243, 431 N.E.2d 672 (1982).   We have previously stated that "what constitutes privity in the context of res judicata is somewhat amorphous."   *Brown v. Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000).   We have applied a broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine.  *Id.*   Thus, "a mutuality of interest, including an identity of desired result," may create privity.   *Id.*

*Kirkhart v. Keiper*, 101 Ohio St.3d 377, 379, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8.

{¶34} Given that Lenard does not dispute the agency relationship between Consumer First and Chicago Title, and that the record contains evidence to support the relationship, we find that the trial court properly applied the doctrine of res judicata.

{¶35} The fifth assignment of error is overruled.

<u>Statute of Limitations</u>

{¶36} In his sixth assignment of error, Lenard argues that the trial court erroneously found that his negligence and breach of fiduciary duty claims were barred by the statute of limitations. According to Lenard, the discovery rule applies to his claims. We disagree.

{¶37} Under R.C. 2305.09(D), Lenard's negligence and breach of fiduciary duty claims are governed by a four-year statute of limitations and accrued at the time of closing. *See Union Savs. Bank v. Lawyers Title Ins. Corp.*, 191 Ohio App.3d 540, 2010-Ohio-6396, 946 N.E.2d 835 (10th Dist.). Specifically, in his complaint, Lenard alleged that Consumer First "failed its duty to verify the fact that the subject property had a mortgage lien owned by Deutsche Bank" giving rise to the negligence claim. He further alleged that Consumer First breach its fiduciary duty by clearing the property for closing and filing a warranty deed "which made [Lenard and Ray] believe the subject property was free and clear of mortgage liens." Since the closing occurred on July 19, 2007, Lenard had until July 18, 2011, to assert his claims. He, however, did not assert these claims until November 1, 2011 — beyond the applicable statute of limitations.

{¶38} Lenard argues that the trial court should have applied the "discovery rule" to their claims. According to Lenard, he did not discover Consumer First's negligence or breach of its fiduciary duty until he was served with the foreclosure action in April 2008. His argument is not supported under Ohio law. Indeed, the Tenth District rejected this exact argument, explaining the following:

In *Investors REIT One* [*v. Jacobs*, 46 Ohio St.3d 176, 179, 546 N.E.2d 206 (1989)], the Supreme Court of Ohio determined that the discovery rule is not applicable to negligence claims brought under R.C. 2305.09(D). *Id.* at 181. Specifically, the court held that "[t]he General Assembly's failure to include general negligence claims under the discovery rule set out in R.C. 2305.09 argues strongly that it was not the legislature's intent to apply the discovery rule to such claims. * * * The legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute." *Id.* at 181. In *Hirschl v. Evans* (Mar. 27, 1996), 7th Dist. No. 94 C.A. 43, 1996 Ohio App. LEXIS 1384, the court interpreted *Investors REIT One* to mean that a claim for breach of fiduciary duty accrues when the act or omission constituting the breach actually occurs and that the discovery rule does not apply to such claims.

*Union Savs. Bank* at ¶ 28.

{¶39} Thus, because Lenard failed to file his alleged negligence and breach of fiduciary duty claims against Consumer First within four years of the alleged misconduct, the trial court properly granted judgment in favor of Consumer First on these claims.

{¶40} The final assignment of error is overruled.

{¶41} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
PATRICIA ANN BLACKMON, J., CONCUR