JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Christ Steimle ("Steimle"), has filed this appeal from his conviction in the Cuyahoga County Court of Common Pleas of felonious assault and intimidation. For the reasons stated below, we dismiss the appeal.
 {¶ 2} Steimle's conviction was originally affirmed on appeal, and the case has been remanded twice for the sole purpose of resentencing. SeeState v. Steimle (Dec. 7, 2000), Cuyahoga App. Nos. 77005, 77006, 77302, 77303; State v. Steimle, Cuyahoga App. Nos. 79154, 79155, 2002-Ohio-2238. This court has also affirmed the decision of the trial court that refused to consider Steimle's motion to withdraw his guilty plea, which was filed after this court had affirmed the conviction and during the remand on sentencing only. State v. Steimle, Cuyahoga App. Nos. 82183 and 82184, 2003-Ohio-4816. Most recently, this court denied an application for reopening filed by Steimle. State v. Steimle, Cuyahoga App. Nos. 77005, 77006, 77302 and 77303, 2005-Ohio-3478.
 {¶ 3} Steimle raises three assignments of error on this appeal, which provide:
"I. The appellant's constitutional rights to due process of law and to an impartial tribunal [were] violated when the judge participated in the plea negotiation process and in the direct coercion of the appellant in order to obtain a guilty plea. Such participation amounts to an abuse of discretion, judicial misconduct, and violations of the appellant's constitutional rights under the United States and Ohio Constitutions.
"II. The appellant was denied the effective assistance of counsel in violation of the rights guaranteed to him under the Sixth Amendment to the United States Constitution as applied to the state through theFourteenth Amendment.
"III. The appellant's constitutional right to due process of law was violated by the trial court in denying the appellant's motion for summary judgment, in violation of the 5th and 14th Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution."
 {¶ 4} Steimle's first and second assignments of error are barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Reynolds, 79 Ohio St.3d 158, 161,1997-Ohio-304, quoting State v. Perry (1967), 10 Ohio St.2d 175, at the syllabus. Further, "[i]t is established that, pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal." Reynolds,
supra, quoting State v. Duling (1970), 21 Ohio St.2d 13. Because Steimle could have raised these issues in his direct appeal, he cannot now raise the issues. As this court previously informed Steimle, "Steimle's failure to properly raise the plea issues in his first direct appeal in SteimleI bars this court's later consideration."
 {¶ 5} This court also lacks jurisdiction to consider Steimle's third assignment of error. Steimle is challenging the trial court's ruling issued on June 1, 2004 that denied his motion for summary judgment. Steimle filed his notice of appeal on August 25, 2004 from the trial court's judgment entered on August 3, 2004 that denied his petition to vacate and set aside sentence. This court has consistently rejected the practice of using a subsequent order to indirectly and untimely appeal from a prior appealable order. See In Re Michael A., Cuyahoga App. No. 79835, 2002-Ohio-1270; State v. Gray (May 24, 2001), Cuyahoga App. No. 78467; State v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590.
Appeal dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Blackmon, A.J., and Kenneth A. Rocco, J., concur.