[Cite as *State v. Santiago*, 2011-Ohio-3059.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 95564

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANIBAL SANTIAGO

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-348400

**BEFORE:** Stewart, J., Kilbane, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** June 23, 2011

ATTORNEYS FOR APPELLANT

Robert L. Tobik
Cuyahoga County Public Defender

BY:   John T. Martin
            Assistant Public Defender
310 Lakeside Avenue, Suite 400
Cleveland, OH   44113


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY:   Diane Smilanick
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113


MELODY J. STEWART, J.:

{¶ 1}  Defendant-appellant, Anibal Santiago, appeals his resentencing by the Cuyahoga County Court of Common Pleas.  Following review of the record and for the reasons stated below, we affirm.

{¶ 2}  In 1997, Santiago was indicted on two counts of aggravated murder and one count of aggravated burglary.  All counts included a three-year firearm specification.  Santiago pleaded not guilty and the case

proceeded to trial. After the trial had commenced, Santiago changed his mind and decided to plead guilty to amended counts of involuntary manslaughter, felonious assault, and aggravated burglary. In the amended indictment, only Count 1 included a firearm specification. The trial court accepted Santiago's plea and sentenced him to 13 years on Count 1, two years on Count 2, and ten years on Count 3. The court ordered all terms served consecutively for a total of 25 years in prison. Santiago did not appeal this conviction.

{¶ 3} In 1998, Santiago filed a motion to withdraw his guilty plea. He filed another motion to withdraw his plea in 1999. Both motions were denied. In 2009, Santiago filed a motion for a new sentencing hearing claiming that the 13-year sentence on Count 1 was illegal, the court failed to properly impose postrelease control (PRC), and the court failed to merge allied offenses. This motion was also denied. Santiago's appeal of the trial court's order denying the motion was dismissed by this court as untimely filed on February 2, 2010.

{¶ 4} On July 13, 2010, at the request of the Adult Parole Authority, the trial court conducted a resentencing hearing. The court explained that the purpose of the hearing was to correct an error in the original sentencing entry that failed to differentiate between the prison term imposed for the base charge of involuntary manslaughter and the term imposed for the

firearm specification included with that charge. The court offered appellant the opportunity to withdraw his plea or to go forward with resentencing. Appellant opted for resentencing and asked the court to impose a lesser sentence. He informed the court that he was a first time offender, had agreed to plead guilty, and that his co-defendants had all received a less severe sentence and been released. The court reiterated that the only purpose of the hearing was to correct the error in the original sentencing entry.

{¶ 5} The court proceeded to impose the same 25-year total sentence, this time specifying that it consisted of ten years on the base charge in Count 1, three years on the firearm specification attached to Count 1, two years on Count 2, and ten years on Count 3. The court also properly imposed a mandatory term of five years postrelease control and advised Santiago of the consequences for a violation of PRC.

{¶ 6} Santiago timely appeals from the July 16, 2010 judgment, raising four errors for our review. Because the first two assignments of error are substantially interrelated, we address them together.

{¶ 7} In his first assignment of error, Santiago argues that due to the unnecessary delay in sentencing, the trial court lacked authority to sentence him. He contends that because the court failed to impose postrelease control in 1997, his original sentence is void. When a sentence is void, Santiago

contends, it is as if it had never occurred. Therefore, he concludes, there is a 13-year delay between the time he entered his plea and the actual imposition of sentence. He argues that such a delay in sentencing violates Crim.R. 32(A), which provides that: "[s]entence shall be imposed without unnecessary delay."

{¶ 8} In his second assignment of error, Santiago argues that because his 1997 sentence is void and a nullity, he is entitled to a de novo sentencing that includes the consideration of a lesser sentence.

{¶ 9} The argument that there was an unnecessary delay in sentencing is without merit. This court has rejected the same argument in *State v. King*, 8th Dist. No. 95233, 2011-Ohio-1079, where we stated, "[t]he circumstances here do not implicate Crim.R. 32(A) as this is not a case where the trial court refused to sentence [the defendant]. Where there is a delay between the sentence and a resentencing occasioned by the failure to include a required term of postrelease control in the original entry, such matter involves the correction of a void sentence and not a delay in imposing the original sentence." Id. at ¶2 citing to, *State v. Jaffal*, Cuyahoga App. No. 93142, 2010-Ohio-4999. See, also, *State v. Mundy*, 9th Dist. No. 10CA0039-M, 2011-Ohio-1157.

{¶ 10} Additionally, the Ohio Supreme Court's recent holding in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, governs this

case.   In *Fischer*, the court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside."   Id. at ¶25.   "[O]nly the offending portion of the sentence is subject to review and correction."   Id. at ¶27.   "[T]he new sentencing hearing to which an offender is entitled [for failure to properly include postrelease control] is limited to proper imposition of postrelease control."   Id. at ¶29.

{¶ 11} Pursuant to *Fischer*, "the postrelease control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the postrelease control.   * * *   The remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata."   *Fischer*, ¶17 (quoting *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶22 (O'Connor, J., dissenting, joined by Lundberg Stratton, J.)).

{¶ 12} Applying the holding in *Fischer* to the facts of the instant case, we find that because the 1997 sentencing entry did not include the statutorily mandated term of postrelease control, that part of the sentence was void and needed to be corrected.   The entire sentence, however, is not a nullity and a de novo sentencing was not warranted.   Instead, the court was required to conduct a limited resentencing to correct the postrelease control error.   The

remainder of the 1997 sentence, which Santiago did not appeal, remains valid. Accordingly, the first and second assignments of error are overruled.

{¶ 13} In his third assignment of error, Santiago challenges his convictions and argues that the trial court erred by not considering whether the counts of conviction were allied offenses of similar import subject to merger. He contends that because the offenses were potentially allied, the court should have held a hearing on the issue before imposing sentence.

{¶ 14} This argument is barred by the doctrine of res judicata. Under the doctrine, "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104.

{¶ 15} As noted above, Santiago's 1997 conviction is valid except as to postrelease control. Santiago could have, but did not, raise the issue of potentially allied offenses through a direct appeal of his conviction. Having failed to do so, res judicata now bars him from raising the issue in this appeal. The third assignment of error is overruled.

{¶ 16} In his fourth assignment of error, Santiago argues that the trial court erred in imposing consecutive sentences without making the specific

judicial findings required by R.C. 2929.14(E)(4). Santiago acknowledges that *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, held that such findings were no longer required. However, he argues that the *Foster* remedy of excising sentencing sections that require findings is no longer necessary as a result of the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, which held that judicial fact-finding with respect to consecutive terms of imprisonment does not violate the Sixth Amendment. Santiago contends that the judicial findings mandated by R.C. 2929.14(E) are still operative and absent such findings his consecutive sentences must be vacated.

{¶ 17} The Ohio Supreme Court has rejected this argument. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. In *Hodge*, the court held that, "[a]fter *Ice*, it is now settled law * * * that the jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences." Id. at ¶19. However, the court went on to hold that the decision in *Ice* "does not revive Ohio's former consecutive-sentencing statutory provisions * * * which were held unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470." *Hodge* at paragraph two of the syllabus. Accordingly, appellant's fourth assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, A.J., and
MARY J. BOYLE, J., CONCUR