[Cite as *State v. Jordan*, 2014-Ohio-2408.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100686

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BURK JORDAN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-97-352721-A

**BEFORE:** Rocco, P.J., Keough, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**FOR APPELLANT**

Burk Jordan, pro se
343-243 M.C.I.
P.O. Box 57
Marion, OH   43301

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, OH   44113

KENNETH A. ROCCO, P.J.:

**{¶1}** Defendant-appellant Burk Jordan, proceeding pro se, appeals from the trial court order that denied his "Motion for Allied Offense Determination."

**{¶2}** Jordan presents three assignments of error that, in contravention of App.R. 16(A)(3), (4), and (7), are stated only in terms of the issues he wishes this court to address. Jordan claims: (1) his original 1997 convictions constituted "allied offenses"; (2) R.C. 2941.25 requires a "pre-guilt phase 'inquiry' and 'determination'" so that the jury does not consider some of the charged offenses at trial; and (3) both his original sentence and his resentence cannot constitutionally be corrected except by means of another resentencing hearing.

**{¶3}** However, because: (1) Jordan's claims constitute a untimely petition for postconviction relief, and, (2) each of Jordan's claims has been determined previously against him by the trial court and by this court and is thus barred by the doctrine of res judicata, his assignments of error are overruled. The trial court's order is affirmed.

**{¶4}** This court first addressed Jordan's convictions in *State v. Jordan*, 8th Dist. Cuyahoga No. 73364, 1998 Ohio App. LEXIS 5571 (Nov. 25,1998) ("*Jordan I*"). This court affirmed Jordan's convictions, but vacated his sentence in part and remanded his case for a resentencing hearing. The Ohio Supreme Court denied jurisdiction. *State v. Jordan*, 85 Ohio St.3d 1476, 709 N.E.2d 849 (1999) ("*Jordan II*").

**{¶5}** Pursuant to the remand, the trial court conducted the resentencing hearing in June 2008. Jordan thereafter filed another appeal from his resentencing in this court. In *State v. Jordan*, 8th Dist. Cuyahoga No. 91869, 2009-Ohio-3078 ("*Jordan III*"), this court summarized Jordan's case by stating in pertinent part as follows:

> This case stems from a 1996 incident in which appellant fired eight or nine shots at a passing car containing four passengers, injuring one. In 1997, appellant was charged with four counts of felonious assault in violation of R.C. 2903.11, with gun specifications, and two counts of intimidation in violation of R.C. 2921.04. On August 1, 1997, a jury found appellant guilty on all four counts of felonious assault, all attached gun specifications, and one count of intimidation. The jury found him not guilty on the other count of intimidation.
>
> * * *
>
> Appellant filed an appeal challenging, among other alleged errors, his sentence and *the trial court's failure to merge several counts for the purposes of sentencing*. On November 25, 1998, this court affirmed in part and modified in part. *State v. Jordan* (Nov. 25, 1998), Cuyahoga App. No. 73364, 1998 Ohio App. LEXIS 5571 ("*Jordan I*"). The portion of appellant's appeal that was modified related solely to his sentence [on the firearm specifications].
>
> In *Jordan I*, the *first issue appellant raised was whether the trial court could sentence him on four separate felonious assault charges stemming from a single transaction*. Relying on *State v. Gregory* (1993), 90 Ohio App.3d 124, 628

N.E.2d 86, this court held that appellant could be convicted of four separate counts because *there were four potential victims* in the car, appellant knew there were four passengers, and he shot eight or nine times at the car, even though only one passenger was shot and suffered physical injuries. On the issue of merging the four firearm specifications, this court held that *the trial court could not impose more than one additional prison term on the four separate firearm specifications.* See R.C. 2929.14(D).

* * * [T]his court vacated a portion of the sentence as it related to the firearm specifications, merged those four counts, and appellant's sentence was modified to 35 years.

* * *

On May 2, 2007, *appellant filed a pro se motion for resentencing, arguing that his [original] sentence was void based on the trial court's failure to impose postrelease control.* The trial court denied appellant's motion. Subsequently, the state filed a motion for resentencing on the same grounds. On June 12, 2008, the trial court granted the state's motion on the authority of *State v. Simpkins*, 117 Ohio St.3d 420, 2008 Ohio 1197, 884 N.E.2d 568. On June 30, 2008, *appellant was resentenced to the same 35 years in prison, and the trial court imposed three years of postrelease control.*

* * *

*Appellant argues* [in this appeal] *that he cannot be sentenced for four counts of felonious assault when there was a single animus* -- the act of shooting at the passing car. Appellant contends he committed a single offense and should serve concurrent sentences at most. * * *

* * *

* * * [T]he case at bar does *not* involve two or more convictions based on a single animus toward a single victim. There were four victims because appellant shot at a car in which he knew there were four passengers. In *State v. Franklin*, 97 Ohio St.3d 1, 2002 Ohio 5304, 776 N.E.2d 26, the Ohio Supreme Court held that "[e]ven though appellant set only one fire, each aggravated arson count recognizes that his action created a risk of harm to a separate person." Similarly, *appellant's act of shooting at a passing car created a known risk of harm to four separate people. See, also, State v. Jones* (1985), 18 Ohio St.3d 116, 18 Ohio B. 148, 480 N.E.2d 408.

(Emphasis added; footnote omitted.)

**{¶6}** Therefore, in *Jordan III*, this court affirmed the result of Jordan's June 2008 resentencing hearing. The Ohio Supreme Court declined to accept Jordan's appeal from the decision in *Jordan III*. *State v. Jordan*, 123 Ohio St.3d 1426, 2009-Ohio-5340, 914 N.E.2d 1065 ("*Jordan IV*").

**{¶7}** Jordan, however, did not permit the foregoing decisions to daunt him. The record reflects that, on June 25, 2010, a year after this court's decision in *Jordan III*, he filed in the trial court a "request for re-sentencing." He argued that recent decisions from the Ohio Supreme Court meant that his convictions were "allied offenses" pursuant to R.C. 2941.25 and must be merged. In September 2010, the trial court denied Jordan's "request."[1]

---

[1] Because a review of the record demonstrates that Jordan raised identical claims as the ones he raises herein, and, further, that the trial court denied his motion in 2010, this court would be justified in dismissing this appeal; in *State v. Steimle*, 8th Dist. Cuyahoga No. 85162, 2005-Ohio-4412, ¶ 5, a defendant's attempt to present identical claims in an appeal from a successive motion was rejected by this court as an "untimely appeal from a prior appealable order." This court nevertheless has more often addressed the merits of such appeals. *See e.g., State v. Jackson*, 8th Dist. Cuyahoga

**{¶8}** On April 21, 2011, Jordan filed a motion in the trial court seeking a new trial. He based this motion on an argument that his journal entry of resentence was "void" by operation of law "for want of proper postrelease control notification." On May 25, 2011, the trial court denied his motion.

**{¶9}** On April 2, 2012, Jordan filed a "motion for correction of sentence." Once again, he argued that the June 2008 judgment entry of resentencing was flawed for several reasons, i.e., its failure to impose proper postrelease control, its failure to mention his appellate rights, and its failure to consider the issue of allied offenses. Based on these arguments, he asserted that he was entitled to a de novo sentencing hearing for the court to consider these issues anew.

**{¶10}** On July 30, 2012, the trial court responded to Jordan's motion by issuing a journal entry noting that a review of the transcript of the June 2008 sentencing hearing demonstrated that "the Court had properly advised the Defendant of the consequences for violating post-release control." On October 9, 2012, the trial court denied Jordan's "motion for correction of sentence."[2]

**{¶11}** On July 5, 2013, Jordan filed a motion in the trial court for:

---

No. 99929, 2014-Ohio-927; *State v. Mayes*, 8th Dist. Cuyahoga No. 100425, 2014-Ohio-1086. However, the court's patience is not unlimited; Jordan is hereby cautioned that his continued attempts to relitigate an issue that has been decided against him many times over may lead to his designation as a vexatious litigator. *See* Loc.App.R. 23(B).

[2]See fn. 1.

(1) 'Sentencing,' [p]ursuant to the provisions of: <u>State v. Billiter</u>, 2012 Ohio 5144 * * * and, <u>State v. Griffin</u>, @ 2010 Ohio 3517 * * *. <u>see</u> <u>also</u>: O.R.C. § 2943.032(E) and, (2) ' (sic) Assessment of the Constitutionality of O.R.C. § 2941.25 * * * .

{¶12} Jordan again argued that his sentence was void and he was thus entitled to an entirely new hearing at which all the issues he raised properly could be addressed. On August 16, 2013, Jordan filed a motion in the trial court seeking judicial release while his prior motion was pending.

{¶13} Ten days later, on August 26, 2013, Jordan filed the motion in the trial court that forms the basis for this appeal, entitled a "motion for allied offense determination." Relying on this court's decision in *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, and 98584-90, 2013-Ohio-3235, 994 N.E.2d 499, Jordan asserted that the trial court was required to review the question of whether his convictions were subject to "merger."

{¶14} On October 15, 2013, the trial court denied Jordan's motion for judicial release. On November 4, 2013, the trial court also denied his "motion for allied offense determination."

{¶15} Jordan filed this appeal from the foregoing order. He presents three "assignments of error" that are set forth *verbatim* as follows:

I. Whether a trial court's failure to comply with statutory requirements, O.R.C. § 2941.25(A) when imposing a sentence

renders the attempted sentence a nullity and void under **Beasley**, 14 Ohio St.3d 74, *75, rather than constituting 'plain error' pursuant to: Crim.R. 52(B) as defined in: **State v. Rogers**, 2013 Ohio 3235 (Ohio App. 8 Dist.).

II.    Whether the ['conviction on an allied offense prohibition'] of: O.R.C. § 2941.25(A) prohibits a jury from consideration of the allied offense.

III.    Whether a sentence which is void for improper postrelease control notification is subject to the doctrine of res judicata, hence, removed from the application of Fifth Amendment 'double jeopardy' protections consideration upon re-sentencing.

**{¶16}** Jordan makes the following claims in his "assignments of error": (1) his original 1997 convictions constituted "allied offenses"; (2) R.C. 2941.25 requires a "pre-guilt phase 'inquiry' and 'determination'" so that the jury does not consider some of the charged offenses at trial; and (3) his original sentence and his resentence cannot constitutionally be corrected except by means of another resentencing hearing.

**{¶17}** Jordan's "assignments of error" are addressed together, because they present a single issue, i.e., whether the trial court acted appropriately in denying Jordan's "motion for allied offense determination." This court finds that the trial court's order is proper for two reasons.

**{¶18}** First, this court has addressed similar claims as to those Jordan raised in his "motion for allied offense determination," and continues to hold that "the failure to merge allied

offenses at sentencing does not render a sentence void." *State v. Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, ¶ 5.

**{¶19}** Second, and more importantly, the trial court lacked jurisdiction to consider Jordan's motion. *Kelly* also noted as follows at ¶ 6-9:

> Even if we were to find that the failure to merge allied offenses for sentencing rendered Kelly's sentence void, he would nonetheless be bound by the *jurisdictional* requirements of the postconviction relief statute.
> *Claims that offenses are allied invoke the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. [State* v.] *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 23; see also *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Ohio's postconviction statute, R.C. 2953.21(A)(1)(a), specifically applies to any person who has been convicted of a criminal offense and claims a denial or infringement of his rights "as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States*[.]" (Emphasis added.)
>
> * * * "Where a criminal defendant, subsequent to his or her direct appeal, files a *motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.*" *State v. Reynolds*, 79 Ohio St.3d 158, 1997 Ohio 304, 679 N.E.2d 1131 (1997), syllabus; *State v. Young*, 6th

Dist. No. E-08-041, 2009-Ohio-1118, ¶ 16; *State v. Cale*, 11th Dist. No. 2000-L-034, 2001 Ohio App. LEXIS 1385, 2001 WL 285794 (Mar. 23, 2001).

A petition for postconviction relief that claims a violation of a constitutional right must be filed *no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction.* R.C. 2953.21(A)(2). This time limitation is jurisdictional. *State v. Johns*, 8th Dist. No. 93226, 2010-Ohio-162, ¶ 8.

(Emphasis added.)

**{¶20}** Jordan filed the transcript in his direct appeal in 1998; he did not file his motion until August 2013. Obviously, more than 180 days had elapsed, so his "motion for an allied offense determination," in actuality, a petition for postconviction relief, was facially untimely. *Kelly* at ¶ 11, citing *State v. Timmons*, 10th Dist. Franklin No. 11AP-895, 2012-Ohio-2079, ¶ 6.

**{¶21}** None of the exceptions to R.C. 2953.21(A)(1) to extend the time requirement applied in this case. Jordan raised the issue of allied offenses in his direct appeal, and "there were no intervening decisions by the United States Supreme Court bearing on the issue of allied offenses that recognized a new right applicable to the states." *Kelly* at ¶ 12, citing *State v. Alexander*, 8th Dist. Cuyahoga No. 95995, 2011-Ohio-1380, ¶ 15. Moreover, Jordan "could not establish the second exception to the time limit because an alleged sentencing error would have no effect on his guilt or innocence on the charged offenses." *Kelly* at

¶ 12, citing *State v. Rivers*, 12th Dist. Warren No. CA2006-08-092, 2007-Ohio-2442, ¶ 6.

**{¶22}** In addition, Jordan's arguments have all been raised and rejected by this court previously; thus, pursuant to the doctrines of law of the case and res judicata, the trial court lacked authority to reconsider them. *State v. Mayes*, 8th Dist. Cuyahoga No. 100425, 2014-Ohio-1086, ¶ 14. As *Kelly* observed at ¶ 13-15:

> [P]rinciples of res judicata bar [a defendant] from asserting in a petition for postconviction relief that his convictions were allied offenses of similar import that should have merged for sentencing.

> * * * [Defendant's] allied offenses argument is premised on the new analysis set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, in which the Ohio Supreme Court established the test as "whether it is possible to commit one offense and commit the other with the same conduct[.]" *Id.* at ¶ 48. But [defendant]'s conviction predated *Johnson* by [twelve] years * * *. [In] *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 1996 Ohio 337, 671 N.E.2d 233 (1996), [the Ohio Supreme Court found] "no merit to [defendant's] claim that res judicata has no application where there is a change in the law due to a judicial decision of this court" * * *.

**{¶23}** Because Jordan's "motion for allied offense determination" constituted a successive and untimely petition for postconviction relief relating to issues that had

already been decided by this court, the trial court lacked jurisdiction to entertain it. *Mayes*. Under these circumstances, the trial court properly denied Jordan's motion.

{¶24} Jordan's assignments of error, therefore, are overruled.

{¶25} The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR