[Cite as *State v. Shearer*, 2016-Ohio-7302.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103848**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LANDRA SHEARER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-08-510282-A

**BEFORE:** Laster Mays, J., E.A. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 13, 2016

-i-

**FOR APPELLANT**

Landra Shearer, pro se
Inmate No. 562645
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Daniel T. Van
Assistant County Prosecutor
Justice Center, 9th floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Landra Shearer ("Shearer"), appeals the trial court's denial of his motion to correct the sentencing order and the trial court's decision denying him a hearing. We affirm the trial court's decision.

{¶2} Shearer was found guilty of attempted murder, a first-degree felony, in violation of R.C. 2903.02(A), with firearm and forfeiture specifications; two counts of felonious assault, second- and third-degree felonies, in violation of R.C. 2903.11(1) and (2), with firearm and forfeiture specifications; and two counts of having weapons while under disability, third-degree felonies, in violation of R.C. 2923.13(A)(2), with firearm and forfeiture specifications. Shearer was sentenced to 18 years imprisonment.

I.     Facts

{¶3} Shearer was sentenced by the trial court on February 20, 2009. He filed a timely appeal with this court for a new trial. This court affirmed Shearer's conviction but remanded for resentencing, holding that felonious assault is an allied offense of attempted murder. *State v. Shearer*, 8th Dist. Cuyahoga No. 92974, 2010-Ohio-1666. The trial court complied with the ruling and entered an entry vacating Shearer's conviction for felonious assault. Since then, Shearer has filed nine additional motions from 2010 until 2015 asking the trial court to correct the already corrected journal entry.

The trial court has repeatedly stated that the issue was resolved on remand. However, Shearer assigns three errors for our review;

> I. The trial court erred when it sentenced appellant to multiple and consecutive firearm specifications for offenses charged and based from one single act and action against a single victim in one single shooting incident.

> II. The trial court erred in sentencing the appellant to consecutive sentences for multiple offenses where all the offenses charged are based on and from a single act where no separate animus to the separate charges have ever been established to support the multiple consecutive sentences for and from one single act and action.

> III. The trial court erred in sentencing the appellant as if separate acts were committed at separate times even where and when the bill of particulars state that all the charged offenses are or were committed at the same time with the single act committed.

## II.     Res Judicata

### A.     Standard of Review

{¶4} "Res judicata, also known as claim preclusion is the doctrine under which a final judgment on the merits bars a party from bringing another lawsuit based upon the same claim." *State v. Thompson*, 8th Dist. Cuyahoga No. 70532, 1996 Ohio App. LEXIS 5202 (Nov. 21, 1996). "Res judicata extends to bar not only claims which actually were litigated, but every question which might properly have been litigated." *Id*.

> Under the doctrine of res judicata, * * * issues cannot be considered in postconviction proceedings under Ohio Rev. Code Ann. § 2953.21 where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment. Issues properly before a court on a petition for postconviction relief are issues which could not have been raised on direct appeal due to the fact that the evidence supporting such

issues is *dehors* the record. If a court finds that an issue raised in a petition for postconviction relief has, or should have been raised on direct appeal or in a previous postconviction relief motion, the trial court may dismiss the petition on the grounds of preclusion.

*Id.*

## B. Law and Analysis

{¶5} Shearer argues three assignments of error contending that the trial court erred because it did not merge the firearm specifications into a single specification when it merged the attempted murder and felonious assault convictions. However, his claim is barred by res judicata.

> Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action. The Ohio Supreme Court has identified four elements necessary to bar a claim under the doctrine of res judicata: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action.

*Lenard v. Miller*, 8th Dist. Cuyahoga No. 99460, 2013-Ohio-4703, ¶ 27.

{¶6} Shearer is barred from bringing this claim because he could have raised these issues in his 2010 appeal.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Santiago*, 8th Dist. Cuyahoga No. 95564, 2011-Ohio-3059, ¶ 14.

**{¶7}** This court, in *State v. Jordan*, 8th Dist. Cuyahoga No. 100686, 2014-Ohio-2408, held that the trial court's denial, of the appellant's motion for resentencing because his offenses were allied, was proper because it was barred by res judicata, and the motion was successive to previously denied motions. This court rendered a final, valid decision in 2010 on these issues. Shearer's assignments of error could have been litigated in the 2010 action because it concerns the same subject matter. Therefore, Shearer's claims are barred by res judicata, and we overrule all assignments of error.

**{¶8}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR