[Cite as *State v. Walter*, 2017-Ohio-466.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104443

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRANCE J. WALTER

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-485250-A

**BEFORE:** Laster Mays, J., E.T. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 9, 2017

**ATTORNEY FOR APPELLANT**

Terrance J. Walter, pro se
Inmate No. A531346
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Brett Hammond
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Terrance J. Walter ("Walter"), appeals his sentence and convictions, and asks this court to grant him a new sentencing hearing and new trial. We affirm.

## I.    Facts

{¶2} In 2006, Walter was convicted of one count of aggravated murder, a first-degree felony, in violation of R.C. 2903.01(A); two counts of aggravated burglary, a first-degree felony, in violation of R.C. 2911.11(A)(1) and (2); and one count of felonious assault, a first-degree felony, in violation of R.C. 2903.11(A)(1).   Firearm specifications were charged on all counts.   At sentencing, the trial court imposed a prison term of 34 years to life.

{¶3} Walter appealed his convictions in *State v. Walter*, 8th Dist. Cuyahoga No. 90196, 2008-Ohio-3457 ("*Walter I*").   This court affirmed his convictions for aggravated murder and felonious assault, but reversed his convictions for aggravated burglary.   The trial court entered an order stating that pursuant to this court's decision in *Walter I*, Walter's aggravated burglary convictions and sentence on those counts were vacated.

{¶4} In 2016, Walter filed a motion to issue a final appealable order.   He argued that the trial court was required to state his final sentence in one journal entry instead of

two.   On April 15, 2016, the trial court granted Walter's motion, and issued an order that complied with his request.   The trial court issued a nunc pro tunc entry that corrected the 2009 journal entry and vacated Walter's aggravated burglary convictions.   Walter appeals the trial court's order from April 2016 that granted his motion.   Walter assigns two errors for our review:

I.      Appellant was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution when the trial court issued a nunc pro tunc entry after the appellate court significantly altered the judgment of conviction.

II.     Appellant is entitled to a new trial under the due process protections afforded by the Fourteenth Amendment as a result of the prejudicial spillover of evidence admitted in support of Counts 2 and 3.

## II.     Sentencing Correction

### A.      Standard of Review

{¶5} As it relates to nunc pro tunc entries:

Courts possess inherent authority to correct errors in judgment entries in order for the record to speak the truth.   *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288   (1995).   Thus, the purpose of a nunc pro tunc entry is to make the record reflect the truth.   *Reinbolt v. Reinbolt*, 112 Ohio St. 526, 532, 147 N.E. 808 (1925).   The function of a nunc pro tunc entry is not to correct or modify an existing judgment, but rather to make the record conform to that which has already occurred. *State ex rel. Phillips v. Indus. Comm. of Ohio*, 116 Ohio St. 261, 264, 155 N.E. 798 (1927).   Therefore, "nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *Fogle*, 74 Ohio St.3d at 163-164.   *See also Ferraro v. B.F. Goodrich Co.*, 149 Ohio App.3d 301, 777 N.E.2d 282, ¶ 9 (9th Dist.2002). Moreover, a nunc pro tunc entry is inappropriate when it reflects a substantive change in the judgment.   *Id*., quoting *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996). When a court exceeds its power in entering a nunc pro tunc order, the resulting nunc pro tunc order is invalid.

*National Life Ins. Co. v. Kohn*, 133 Ohio St. 111, 113-114, 11 N.E.2d 1020 (1937).

*State v. Senz*, 9th Dist. Wayne No. 02CA0016, 2002-Ohio-6464, ¶ 12.

### B. Law and Analysis

**{¶6}** In Walter's first assignment of error, he argues that he was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution when the trial court issued a nunc pro tunc entry after the appellate court significantly altered the judgment of conviction. Specifically, Walter contends that he was entitled to a de novo resentencing when his aggravated burglary convictions were vacated. We disagree. This court's decision in *Walter I* vacated two of his convictions, and affirmed the sentences on Walter's remaining convictions. The trial court then properly prepared a nunc pro tunc entry to reflect this court's decision.

## III. Res Judicata

### A. Law and Analysis

**{¶7}** In Walter's second assignment of error, he contends that he is entitled to a new trial on the aggravated murder and felonious assault counts under the due process protections afforded by the Fourteenth Amendment as a result of the prejudicial spillover of evidence admitted in support of Counts 2 and 3.

> Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action. The Ohio Supreme Court has identified four elements necessary to bar a claim under the doctrine of res judicata: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second

action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action.

*State v. Shearer*, 8th Dist. Cuyahoga No. 103848, 2016-Ohio-7302, ¶ 5, quoting *Lenard v. Miller*, 8th Dist. Cuyahoga No. 99460, 2013-Ohio-4703, ¶ 27.

{¶8} Walter is barred from bringing this claim because he could have raised this issue in his 2008 appeal.

Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Santiago*, 8th Dist. Cuyahoga No. 95564, 2011-Ohio-3059, ¶ 14.

{¶9} This court rendered a final, valid decision in *Walter I* on these issues. Walter's assignments of error could have been litigated in the 2008 action because it concerns the same subject matter. In that appeal, Walter argued that there was insufficient evidence to convict him of aggravated burglary. *Walter I*, 8th Dist. Cuyahoga No. 90196, 2008-Ohio-3457, ¶ 47-48. Walter argued that because the garage was open when he shot and killed the victim, he did not trespass in the garage. Because trespass is an element of aggravated burglary, Walter contends that the evidence was insufficient to convict him of aggravated burglary. This court agreed and vacated his convictions for aggravated burglary.

{¶10} In this same appeal, Walter could have argued that the evidence was insufficient to convict him of aggravated murder or felonious assault. He did not.

Therefore, Walter's claims are barred by res judicata.   The second assignment of error is overruled.

**{¶11}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the  common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR