[Cite as *Lakewood v. Collins*, 2017-Ohio-8316.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105227**

## CITY OF LAKEWOOD

PLAINTIFF-APPELLEE

vs.

## CARL A. COLLINS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Lakewood Municipal Court
Case No. 2014 TRC 04596

**BEFORE:** Laster Mays, J., E.T. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** October 26, 2017

-i-

**FOR APPELLANT**

Carl A. Collins, pro se
12621 Walnut Hill Drive
North Royalton, Ohio 44133


**ATTORNEYS FOR APPELLEE**

Kevin M. Butler
Lakewood Law Director

By:   Pamela L. Roessner
Assistant Prosecuting Attorney
City of Lakewood
12650 Detroit Avenue
Lakewood, Ohio 44107

ANITA LASTER MAYS, J.:

{¶1} On January 9, 2015, defendant-appellant Carl A. Collins ("Collins") entered a no contest plea in the Lakewood Municipal Court to operating a vehicle under the influence ("OVI") (Lakewood Codified Ordinance 333.01). In exchange for the no contest plea, the city of Lakewood ("city") amended the OVI charge under R.C. 4519.11 to the local ordinance, and dismissed the remaining charges of OVI refusal, OVI driving under suspension, improper lane usage, and seat belt violation. Collins's sentence included fines, court costs, community control supervision with conditions, and a driver's license suspension.

{¶2} Prior to Collins's plea, the trial court denied a motion to suppress the evidence of his arrest finding there was probable cause and that the officer properly advised Collins of the effect of his refusal to take the chemical test. Collins filed a second motion to suppress with arguments that mirrored the first motion. The trial court did not address the duplicate motion.

{¶3} Collins appealed the trial court's denial of his motion to suppress in *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389 ("*Collins I*"). Collins posed three assignments of error in *Collins I*: (1) lack of probable cause; (2) trial court's denial of the second motion to suppress; and (3) the city's refusal to release his impounded vehicle. This court affirmed the trial court's determination, finding no merit to Collins's claims, and observed that the entry of Collins's no contest plea rendered the

pending, redundant second suppression motion moot. *Collins I* at ¶ 12, citing *State v. Bogan*, 8th Dist. Cuyahoga No. 84468, 2005-Ohio-3412.

{¶4} On October 28, 2015, upon remand to the trial court's jurisdiction, Collins was ordered to appear for a payment hearing and to address the community control conditions with the probation department. On November 6, 2015, the trial court issued an entry providing that the vehicle could be released to a licensed driver after towing and storage costs were paid. On January 31, 2016, the trial court denied Collins's motion to dismiss and vacate the conviction due to a violation of Collins's speedy trial rights.

{¶5} Collins's current appeal asks the court to revisit the: (1) motion to suppress; (2) lack of probable cause; and (3) release of his vehicle from impound. He has added a fourth assigned error in the instant case challenging the trial court's denial of his speedy trial rights.

{¶6} We find that Collins's first three errors are barred by the doctrine of res judicata.

> Under the doctrine [of res judicata], "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

*State v. Santiago*, 8th Dist. Cuyahoga No. 95564, 2011-Ohio-3059, ¶ 14, quoting *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶7} As to the remaining assigned error, the trial court stated that Collins waived his right to a speedy trial and the waiver was supported by the record. After a

review of the record, we find that Collins's failure to raise the speedy trial issue in *Collins I* bars his claim. "'Res judicata extends to bar not only claims which actually were litigated, but every question which might properly have been litigated.'" *State v. Shearer*, 8th Dist. Cuyahoga No. 103848, 2016-Ohio-7302, ¶ 4, quoting *State v. Thompson*, 8th Dist. Cuyahoga No. 70532, 1996 Ohio App. LEXIS 5202 (Nov. 21, 1996).

{¶8} All of the assigned errors are overruled and the judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR